Orr v, Seaton.

1. PREPARING RECORDS. The attention of counsel is called to the necessity of seeing to it, that proper orders are entered in the records of the District Court, and that full transcripts thereof are brought to the Supreme Court.

2. PRACTICE: *Time to answer.* When, to a defendant in default for want of answer, the time is given which is fixed by statute, he has to the third Monday following, to answer, and no longer.

3. ———: *Objecting to service.* A defendant who has answered, although his answer has been stricken from the files, and who has applied to the court for leave to answer over, has appeared to the action, and cannot object to the form of the process.

4. ———: *Opening a default.* Whether a default shall be opened, is a question addressed to the discretion of the court. The Supreme Court will not interfere with its exercise, unless it is oppressive.

*W. H. James,* for plaintiff.

*J. M. Woolworth,* for defendants.

CROUNSE, J.

This is a suit in equity in which an appeal was taken to the Supreme Court of the Territory, from a decree rendered by his honor WILLIAM F. LOCKWOOD, formerly one of the district judges, at the June term of 1866, for Dakota county.

The bill was filed to foreclose a mortgage given by the defendant Seaton, to secure the payment of certain promissory notes, and to have its lien declared prior to that of certain mortgages and judgments of the other defendants, given by and obtained against said Seaton, subsequent to the making and recording of the plaintiff's mortgage.

The defendants were all non-residents, and service was made by publication. The time specified in the published notice for the defendants to answer was the 9th day of October, 1865. The proof of the publication was not filed until the 7th day of November, of the same year.

The defendants by answer filed the 5th day of January, 1866, recite their liens and allege such informal and improper recording and indexing of plaintiff's mortgage, as should postpone his lien to those of the defendants.

The record transmitted to this court contains much that is unnecessary to enable the court to pass upon that which only can be reviewed properly here, and fails to show other important orders made, evidently by the court, leaving them to be inferred by us by reference to the record presented.

The record shows an answer filed long after the time for answering had expired, a motion made to strike such answer from the files, and a subsequent default and judgment or decree, without an order striking the answer out as asked for; leaving this court to infer that it was so stricken out, by reference to certain affidavits filed and applications made by the defendants, at the June term following, for leave to answer. Allusion is made to this here, to suggest to attorneys the importance of attending to the entry of every material order made at the trial, and of seeing that the record presented to this court contains them.

It appears, however, that on the 9th day of June, 1866, on motion by the defendants, an order was made "that the defendants be allowed the time fixed by statute within which to file their answer from this date." The statute in cases of personal service fixes the third Monday after the date of the return of the subpœna, and where publication is made the same time is given after completion of service. This would make the 25th of June the last day given in which to file an answer. The defendants gave the order another interpretation, claiming that the full time of the publication of the notice and the time thereafter given should be allowed them, being some weeks more than by the other computation.

The Court took the former view of the order, and on the

28th of June permitted a default to be entered, and on the 29th rendered its decree.

On the same day the defendants move to set aside the default for the reason that it was taken before the time for answering had expired, and further that no internal revenue stamp was placed upon the published notice.

As to this second point, it appears that a revenue stamp was placed on the proof of publication and allowed to remain. The defendant had, as early as January 5th, answered generally without any objection as to regularity in any regard; and although this answer was struck out, still the defendants by their own application had asked and received permission to file an answer in a given time, and it is now too late to interpose any objection of this character, even though the point were tenable had it been taken in time.

As to the other point, the parties defendant had made an appearance, and were before the court at the time of making the order. It was but reasonable to treat them for all purposes thereafter as resident defendants, and the most natural construction to be put upon the order made, and that most likely to be in contemplation of the parties, was that given by the court. The granting of the order, then, to open the default, was a favor to the defendants resting in the discretion of the courts, and where this is not abused, this court will not interfere.

The defendants had been in default once before; and we can see nothing unwarranted in the court on this second application, refusing to allow the defendants to interpose an answer, which, if it obtained, must prejudice a just claim of plaintiff by reason of some neglect or mistake of the recording officer.

The decree, in our opinion, is right, and must be affirmed.

Decree affirmed.