MAMIE LICHTENBERGER ET AL. V. ERNEST WORM.

FILED SEPTEMBER 19, 1894. No. 5411.

1. **Review of Ruling on Motion to Set Aside Default.** Where a default has been regularly entered against a defendant, personally served with summons, it is largely within the discretion of the court to say whether he shall be permitted to come in afterwards and make defense; and unless it be made to appear that there has been an abuse of discretion by the court below, in this particular, this court will not interfere. *Mulhollan v. Scoggin*, 8 Neb., 202, and *Bernstien v. Brown*, 23 Neb., 64, followed.

2. **Practice:** ORDER TO FILE ANSWER: DEFAULT: REVIEW. The defendants appeared after answer day and filed a demurrer without leave. The plaintiff moved for a default. The court did not enter a default, but gave defendants leave to answer in two days. *Held*, That the condition imposed of filing an answer within a short time was a reasonable exercise of discretion on the part of the trial court, at least in the absence of evidence of any of the circumstances surrounding the case.

3. **Trial:** PROCEDURE IN TRIAL COURT: PRESUMPTIONS OF REGULARITY: REVIEW. It is the duty of the district court to afford to defendants a full opportunity to present their defense, but it is also its duty to prevent unnecessary delays and discour-

age frivolous proceedings. In reviewing orders affecting the procedure in a case this court will presume, in the absence of evidence to the contrary, that the district courts have acted with due regard to both principles.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*John P. Davis* and *Phil S. Winter*, for plaintiffs in error.

*V. O. Strickler, contra.*

IRVINE, C.

The judgment sought to be reversed was entered upon the default of the plaintiffs in error, and the errors assigned relate to the action of the court in entering the default, and in refusing thereafter to set it aside and permit the plaintiffs in error to defend.

The record discloses the following facts: The action was begun in an inferior court, and was appealed to the district court by the plaintiffs in error. The date of filing the transcript in the district court does not appear, but on January 7, 1892, the defendant in error filed his petition. February 5, plaintiffs in error filed a demurrer. February 6, the case came before the court on a motion for default and the plaintiffs in error were given, on their own application, leave to answer in two days. February 13, their default was entered. February 25, a motion to set aside the default was filed. February 27, an order appears sustaining the demurrer and giving leave to the defendant in error to amend his petition in ten days. April 9, the defendant in error filed his motion to set aside the order of February 27, because the demurrer had been filed after the motion for default; because of the order requiring an answer to be filed, the failure to comply with that order and the entry of default before the demurrer was heard; and for the further reason that the order sustaining the demurrer was procured

by bringing the case before another judge and concealing
from him the fact of the default.    The motion also asked
that the demurrer be stricken from the files.    This motion
was sustained.    April 27, the motion of plaintiffs in error
to set aside the default was overruled, and the following
day judgment was entered.    Thereafter a motion was filed,
styled "a motion to reconsider," but which was in effect a
motion for a new trial. This motion was overruled. It would
appear that affidavits were filed in support of these various
motions, but they are not incorporated in a bill of exceptions
and for that reason cannot be considered.  We must, there-
fore, assume throughout that where the motions depended
upon facts not appearing by the record, the trial court was
justified by the proof presented in the finding arrived at.

It has been said in several cases that it is the duty of
the trial court to permit defendants to answer upon proper
terms at any time before judgment where it is made to ap-
pear that they have a meritorious defense. (*Blair v. West
Point Mfg. Co.*, 7 Neb., 146; *Haggerty v. Walker*, 21 Neb.,
596.)  As said by Judge Cobb in *Clutz v. Carter*, 12 Neb.,
113, "it is the spirit and policy of the law to give every
party an opportunity to prosecute or defend his case in
court, and courts will never deny such right except for the
fault or gross laches of such party or his authorized attorney."
In this case, however, no answer was tendered or showing
of meritorious defense presented, and the refusal of the
court before judgment to set aside the default was, there-
fore, not erroneous within the rule stated in the cases cited.
Indeed, the statement made in those cases must be regarded
rather as a rule to guide the exercise of discretion by dis-
trict courts than an absolute rule of law governing the re-
view of cases by this court, because it has been distinctly
decided that where a default has been regularly entered it is
largely within the discretion of the trial court to say whether
the defendant shall be permitted to come in afterwards and
make his defense, and unless an abuse of discretion be made

Lichtenberger v. Worm.

to appear this court will not interfere. (*Mulhollan v. Scoggin,* 8 Neb., 202; *Bernstien v. Brown,* 23 Neb., 64.) Certainly no abuse of discretion appears in this case, where no defense to the merits is shown and where we have not before us the evidence, if any, offered to exculpate plaintiffs in error from the inference of laches.

It would seem that the demurrer filed out of time remained undisposed of when the plaintiff's application for a default was made. It is argued that the court erred in making any order in support of this application under such circumstances. In this aspect the case closely resembles that of *Dewey v. Lewis,* 12 Neb., 306, where it was held that it must be presumed that the attention of the court was never called to the application pending upon the files at the time of the later action; but aside from this presumption, the order made amounted to a refusal to enter a default, with a condition imposed that the plaintiffs in error answer within two days. The condition is the only part of the order of which plaintiffs in error can complain, and the demurrer not having been filed until after rule day, it does not appear that the court abused its discretion in requiring an answer within a short time as a condition for refusing to strike the demurrer and enter a default. While it is the policy of our practice to afford a full opportunity for making a defense, and for this purpose to give full relief against slight or technical omissions, it is, on the other hand, the duty of the courts to prevent unnecessary delays in the prosecution of actions and to guard against dilatory and frivolous proceedings. In the absence at least of a showing to the contrary it will always be presumed that the trial judge, in disposing of such matters, has acted with a due regard to both of these principles.

JUDGMENT AFFIRMED.