PAUL MORGAN, APPELLEE, v. LOUIS WEINER, APPELLANT,
114 N. W. 2d 720

Filed April 27, 1962. No. 35171.

*Warren C. Schrempp* and *Truman Clare*, for appellant.

*Bernard E. Vinardi* and *Edward Shafton*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from a judgment by default in an action for an accounting. Paul Morgan, the appellee, was the plaintiff in the lower court. Louis Weiner, the appellant, was the defendant.

Both of the parties are licensed real estate brokers and, at one time, were partners in a real estate business. The partnership was dissolved in November 1956. On January 1, 1957, the defendant and the plaintiff entered into a written contract of employment which provided in part that the plaintiff would receive "10% Bonus of Net Profit." The defendant's employment of the plaintiff under this contract continued until June 7, 1958, when the parties entered into a second contract. The second contract provided in part that the plaintiff would receive "20% of net profit." The defendant's employment of the plaintiff continued under the second contract until November 15, 1959, when it was terminated.

The petition, filed April 20, 1960, prayed for an accounting between the parties and judgment for the amount due the plaintiff under the employment contracts. On May 23, 1960, the defendant obtained additional time to plead and on June 6, 1960, filed a motion. On September 30, 1960, Irvin C. Levin in open court

and in the presence of the defendant obtained leave to withdraw as counsel for the defendant. On October 10, 1960, the court entered an order overruling the defendant's motion and granting the defendant 2 weeks to answer.

On October 26, 1960, the plaintiff filed a motion to enter the default of the defendant and on October 28, 1960, an application for a restraining order. On October 28, 1960, the defendant again appeared in court in person and with James E. Fellows. Mr. Fellows advised the court that the defendant had contacted his office on the preceding day and requested that the defendant be granted additional time to plead. The court overruled the plaintiff's motion for default, denied the application for a restraining order, and granted the defendant 1 week to plead.

On November 4, 1960, the defendant. filed a motion for a hearing on the defendant's motion which had been previously overruled. On November 9, 1960, the plaintiff filed a motion to strike the defendant's motion and to enter the default of the defendant. On November 16, 1960, the court overruled both motions, granted the defendant 2 weeks to answer, and set the case for trial in January 1961. On December 5, 1960, the court granted the defendant 10 days to answer. On December 12, 1960, James E. Fellows appeared in open court and obtained leave to withdraw his appearance as attorney of record for the defendant.

On March 30, 1961, the court entered an order finding that the defendant was in default as to pleadings and as to compliance with orders for the production of records, and setting April 7, 1961, as the date for a hearing to enter his default and such other order or judgment as might be just and equitable. On the same day a copy of this order was served upon the defendant by the sheriff, and copies were mailed to Warren Schrempp and John Sloma. Later Mr. Sloma testified that he re-

ceived a copy of the order but Mr. Schrempp stated that he did not receive a copy of the order.

On April 7, 1961, the defendant failed to appear at the time specified in the order of the court. The plaintiff appeared and produced evidence in support of the petition. At the conclusion of the hearing the court announced that after examination of the evidence, it found generally for the plaintiff and against the defendant and that there was due the plaintiff from the defendant at least the sum of $12,430.84. At that moment the defendant entered the courtroom with Henry C. Rosenthal, Jr., an associate of Mr. Schrempp. The defendant was carrying a certified copy of the order entered on March 30, 1961, and admitted that he had received it several days before. The court advised the defendant that trial had been had, that the court had announced its findings, and that there was nothing further to be done except the formal entry of the judgment. There was some discussion off the record between the court and Mr. Rosenthal but Mr. Rosenthal made no statement or other appearance for the record at that time.

On April 17, 1961, the defendant filed a motion to set aside the default judgment and a separate motion for new trial. Attached to each of the motions were affidavits of the defendant, Mr. Schrempp, and Mr. Rosenthal. On May 5, 1961, the defendant filed an answer. On the same day the court heard the motion to set aside the default judgment and overruled it.

On May 12, 1961, the defendant filed another motion for new trial. On September 8, 1961, the defendant filed a notice that he had retained Truman Clare as co-counsel with Mr. Schrempp. On September 19, 1961, the defendant filed a motion "for a rehearing of the above motions for new trial and for default judgment." On September 25, 1961, the motions of the defendant for a new trial, for rehearing, and to set aside the judgment were overruled. The defendant then perfected this appeal.

The first question that must be determined is whether this court has jurisdiction of the appeal. The plaintiff contends that the defendant's time for an appeal expired 1 month after May 5, 1961, the date on which the motion to set aside the default judgment was overruled. The plaintiff argues that both motions filed on April 17, 1961, actually sought a new trial, that the overruling of one was a denial of both, that successive motions will not extend the time for appeal, and that the defendant's second motion for new trial filed on May 12, 1961, demonstrates that the defendant considered the order of May 5, 1961, to be a final order.

There is considerable merit in the plaintiff's contention, but in view of the somewhat confused state of the record in this case, we do not believe that this appeal should be dismissed as filed out of time. The record indicates that the district judge considered the motion for new trial on April 17, 1961, as still pending on September 25, 1961. During the pendency of a motion for new trial timely filed, no appealable order is rendered until the motion for new trial is disposed of. Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385. For that reason, and that reason only, we hold that the defendant's time for appeal did not commence to run until the motion for new trial filed April 17, 1961, had been overruled.

The defendant's assignments of error which require consideration are that the findings and judgment are not sustained by sufficient evidence, are contrary to law, and that the trial court abused its discretion in refusing to set aside the default judgment.

The evidence which supports the findings and judgment in this case consists of the testimony of the plaintiff and his wife, the written contracts of employment, and adding machine tapes identified by the plaintiff. The plaintiff testified that he, his wife, and his attorney examined the defendant's books at his office prior to May 12, 1960; that as a part of the examination the receipts

and disbursements for the periods involved were totaled; that according to the plaintiff's computation based upon his examination of the defendant's books, there was $12,430.84 due the plaintiff. The plaintiff's wife testified that she was a former office employee of the defendant; that she thought that there were receipts from a number of real estate transactions which were not shown on the defendant's books and she identified six or seven such transactions; that she thought that some of the disbursements which were included in the plaintiff's computations were properly chargeable to other business activities of the defendant; and that the plaintiff's computation was as accurate as possible. Although, as the defendant now suggests, the plaintiff's method of accounting may leave much to be desired, under the circumstances of this case the evidence is sufficient to support the findings and judgment against the defendant and they are not contrary to law.

The remaining question is whether the trial court erred in refusing to set aside the default judgment. The general rule is that where a default has been regularly entered, it is largely within the discretion of the trial court as to whether a defendant shall be permitted to come in afterwards and make his defense. Benson v. General Implement Corp., 151 Neb. 234, 37 N. W. 2d 223. The discretion referred to is a legal one and in the absence of a showing of an abuse of discretion, this court will not interfere. The facts and circumstances in each case as shown by the record determine whether there has been an abuse of discretion.

The record in this case shows that on March 30, 1961, the plaintiff's petition had been on file for approximately 1 year. The defendant had obtained five extensions of time in which to plead but had filed no responsive pleading. The defendant was in default and had no counsel of record. The court had twice overruled motions by the plaintiff to enter the default of the defendant. This was the state of the record when the court entered the

order setting April 7, 1961, at 9 a.m., as the time for a hearing to enter the default of the defendant.

On April 7, 1961, some 40 minutes after the time set in the order which had been served upon him by the sheriff, the defendant appeared in court. The hearing had been concluded and the court had announced its findings. The defendant had no satisfactory explanation or excuse for his failure to appear or defend. Although accompanied by a lawyer, no formal plea, motion, statement, or other appearance for the record was made.

On April 17, 1961, the motions to set aside the default judgment and for a new trial were filed. The affidavits attached to the motions alleged substantially that the defendant did not understand that the plaintiff intended to take judgment on April 7, 1961; that Mr. Schrempp did not receive a copy of the order of March 30, 1961, and was out of the city on April 7, 1961; that at about 8 a.m., on April 7, 1961, the defendant told Mr. Rosenthal by telephone that he had to be in court at 9 a.m.; that Mr. Rosenthal talked with the district judge by telephone at about 8:50 a.m. in an attempt to get the matter continued; and that the district judge stated that the matter would proceed to trial at 9 a.m. There was nothing in the affidavits which required the court to sustain either motion.

The defendant places much emphasis upon the fact that Mr. Schrempp denies receiving a copy of the order of March 30, 1961. As we view the record, this is of little importance. The record in this court shows that the defendant had no counsel of record on that date. Nevertheless, plaintiff's counsel mailed copies of the order to both Mr. Schrempp and Mr. Sloma. The affidavits allege that after the defendant was served with a copy of the order, he talked to Mr. Schrempp by telephone about it. If the defendant misrepresented the contents of the order to his own lawyer, it is no ground for relief in this case.

The answer filed on May 5, 1961, is very brief and amounts to a general denial and a plea of accord and satisfaction. Attached to the answer is a copy of a written agreement dated April 29, 1959, more than 6 months before the plaintiff claims his employment was terminated. There is no explanation in the record as to why the answer was not filed in time or during one of the five extensions of time in which to plead.

On September 7, 1961, and September 13, 1961, the defendant delivered to the district judge audit reports and working papers prepared by an accountant employed by the defendant. On September 25, 1961, at a hearing on the motion filed September 19, 1961, the defendant offered the testimony of the accountant in an attempt to show that the plaintiff's computation of the defendant's profits was not correct. There is no explanation in the record as to why the defendant did not produce this evidence in response to the orders entered on November 25, 1960, and March 1, 1961, which directed him to produce his books and records for the inspection of the plaintiff.

The record in this case shows more than negligence and lack of diligence. It shows a course of conduct deliberately designed to disrupt the orderly administration of justice. The record does not show an abuse of discretion by the trial court in refusing to set aside the default judgment.

The judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.