LARRY URWIN, APPELLANT, V. JAMES R. DICKERSON, APPELLEE.

173 N. W. 2d 874

Filed January 16, 1970. No. 37370.

Charles Ledwith, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This action was commenced in the municipal court to recover the cost of repairs to the plaintiff's automobile which was damaged in an accident with the automobile of the defendant on January 3, 1969. The municipal court found for the defendant and the plaintiff appealed.

The petition on appeal was filed in the district court on April 7, 1969. The defendant made no appearance in the district court and a default judgment in the amount of $117.40 was entered on May 13, 1969.

On May 22, 1969, the defendant moved to set aside the default judgment. On May 27, 1969, the district court set aside the judgment of May 13, 1969. The plaintiff's motion for new trial was overruled and he has appealed.

The default judgment was entered and set aside during the January 1969 term of the district court. A district court has inherent power to vacate or modify its own judgment at any time during the term at which it is rendered. Jones v. Nebraska Blue Cross Hospital Service Assn., 175 Neb. 101, 120 N. W. 2d 557; Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335.

Ordinarily, where a judgment has been entered by default and a prompt application is made at the same term to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits. Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378. There was no answer tendered with the defendant's motion in this case. The plaintiff contends that it was error for the district court to set aside the default judgment since no answer was tendered with the motion.

The tender of an answer is required so that the district court may judge the sufficiency of the defense upon which the defendant is expected to rely in the event that the judgment is vacated. Anthony & Co. v. Karbach, 64 Neb. 509, 90 N. W. 243, 97 Am. S. R. 662. It is not an absolute requirement. See, Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026, 24 L. R. A. 255; Barney v. Platte Valley Public Power & Irr. Dist., *supra*. In this case the transcript of the proceedings in the municipal court was some indication that there was a meritorious defense to the action.

On June 5, 1969, while the action was still pending in the district court upon the plaintiff's motion for new trial, the defendant filed an answer which denied, gen-

erally, the allegations of negligence. This supplied the missing requirement so that after June 5, 1969, the plaintiff could not claim that the defendant had not alleged a meritorious defense.

The burden is upon the plaintiff to establish an abuse of discretion by the trial court. Commercial Sav. & Loan Assn. v. Holly Development, Inc., 182 Neb. 335, 154 N. W. 2d 510. It has been said that the order of the district court must be "oppressive" or a "clear abuse of discretion" before this court will interfere, and that a stronger showing is required where the default has been set aside. Bigler v. Baker, *supra;* Orr v. Seaton, 1 Neb. 105.

The facts and circumstances in each case, as shown by the record, determine whether there has been an abuse of discretion. Morgan v. Weiner, 173 Neb. 715, 114 N. W. 2d 720. Unfortunately, there is no bill of exceptions in this case so we are not advised as to what took place at the time the defendant's motion was heard. For the same reason the affidavit of the plaintiff's attorney, filed in resistance to the motion, is not before us.

It is the policy of our practice to afford a full opportunity for making a defense, and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent unnecessary delays in the prosecution of actions and to guard against dilatory and frivolous proceedings. In the absence of a showing to the contrary, it is presumed that the trial court acted with due regard to both of these principles. Lichtenberger v. Worm, 41 Neb. 856, 60 N. W. 93.

The default judgment in this case was entered on the day after answer day. The record does not show excessive delay or dilatory proceedings.

The plaintiff argues that a party, such as the defendant who is not a lawyer and who represents himself, is subject to the same rules of procedure as a litigant who is represented by a lawyer. On the same basis, such a

party is entitled to the notice of an intention to take a default which is ordinarily required to be given to opposing counsel. Lacey v. Citizens Lumber & Supply Co., *supra*. There is no suggestion in the record in this case that such notice was given to the defendant.

We find no abuse of discretion. The order of the district court is affirmed.

AFFIRMED.