EVELYN M. MICHAELIS, APPELLEE, v. NORMAN A. MICHAELIS, APPELLANT.

190 N. W. 2d 783

Filed October 15, 1971. No. 37921.

Mattson, Ricketts, Gourlay & Lewis, for appellant.

Dalke & Carlson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from an order overruling his motion to set aside and vacate a default judgment entered against him in a divorce proceeding.

The action was commenced on September 4, 1968, and a summons was served in person upon the defendant on that date. Answer day was October 7, 1968. On November 19, 1968, counsel for the defendant filed a motion to require the plaintiff to make her petition more definite and certain.

On October 31, 1969, approximately 1 year later, the defendant's counsel asked leave to withdraw as counsel for the defendant, alleging that the defendant refused to answer correspondence or contact his counsel. Leave to withdraw was granted, and a copy of the order was mailed to the defendant at Wymore, Nebraska. On November 4, 1969, the trial court ordered the defendant's motion be set for hearing on November 14, 1969. A copy of this order was mailed to the defendant at Wymore, Nebraska, but the letter was returned to the clerk of the district court endorsed: "Moved & left no address."

The defendant's motion was heard and overruled on November 14, 1969, and the defendant was given through December 4, 1969, to plead further. A copy of this order was mailed to the defendant at Wymore, Nebraska. The defendant admits that he saw a copy of this order on or about December 7, 1969. The letter had been delivered to the home of the defendant's son, Gordon, in Wymore, Nebraska, and was delivered to the defendant personally by Gordon's wife. She testified that she read the order to the defendant at that time.

On December 19, 1969, no further appearance having been made, the trial court found that the defendant was in default and entered judgment granting the plaintiff

a divorce, custody of two minor children, certain property, alimony, and child support.

On June 18, 1970, 6 months later, the defendant filed his motion to vacate and set aside the judgment entered on December 19, 1969.

Where a default has been regularly entered, it is within the discretion of the trial court as to whether a default judgment shall be set aside. Morgan v. Weiner, 173 Neb. 715, 114 N. W. 2d 720. In the absence of a showing of an abuse of discretion this court will not interfere.

The facts and circumstances in each case determine whether there has been an abuse of discretion. Among the matters to be considered are the promptness of the motion to vacate, the negligence or want of diligence of the party moving to vacate, and the avoidance of unnecessary delays and frivolous proceedings in the administration of justice. Commercial Sav. & Loan Assn. v. Holly Development, Inc., 182 Neb. 335, 154 N. W. 2d 510.

The defendant's motion to vacate was not filed until the last day of the 6-month period prescribed by section 42-340, R. R. S. 1943. The defendant, however, testified that he was represented by a lawyer in November and December 1969 and that he talked with his present counsel before Christmas in 1969. The delay in filing the motion to vacate is unexplained in the record.

The defendant claims fraud on the part of the plaintiff in failing to disclose to the trial court that she knew where the defendant was living in December 1969. This contention is based upon a telephone conversation between the parties on November 9, 1969, after the defendant's son had visited him for 3 days in Omaha, Nebraska. Perhaps the plaintiff could have made a more complete disclosure of what information she had as to where the defendant might be living, but the fact remains that the order of November 14, 1969, which was mailed to Wymore, Nebraska, reached the defendant and he knew the contents of the order not later than December 7, 1969.

The order of November 14, 1969, was sufficient notice to the defendant that he would be in default after December 4, 1969, unless a further appearance was made. In the absence of a further appearance the trial court could proceed without additional notice to the defendant.

As we view the record, it fails to show that the trial court abused its discretion in refusing to vacate and set aside the judgment entered by default. The judgment of the district court is affirmed.

AFFIRMED.