JOHN FREDERICKS, APPELLANT, V. WESTERN LIVESTOCK AUCTION COMPANY, APPELLEE, THE TRUST COMPANY FOR FINANCIAL PLANNING COMMON TRUST FUND FOR QUALIFIED EMPLOYEE BENEFIT PLANS ET AL., INTERVENORS-APPELLEES.

403 N.W.2d 377

Filed April 10, 1987. No. 85-555.

Larry R. Baumann and Frankie J. Dawson of Kelley, Scritsmier, Moore & Byrne, P.C., for appellant.

Donald E. Rowlands II of Baskins & Rowlands, and Donald W. Pederson of Murphy, Pederson, Piccolo & Pederson, for appellee and intervenor-appellee Trust Fund.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

John Fredericks appeals the order of the district court for Lincoln County refusing to vacate a default judgment against Fredericks. We affirm.

In November 1984, Fredericks filed a "Petition in Replevin" against Western Livestock Auction Company. Fredericks alleged that he was the owner of 189 head of Brangus cattle purchased from another individual not involved in the proceedings and further alleged that Western acquired and retained possession of the cattle as agent for a Texas trust company (Trust Fund). Fredericks requested return of the cattle or an amount equivalent to their value.

Western answered and filed a cross-petition, alleging that Western had been employed by Trust Fund to feed and maintain the cattle pending disposition of claims concerning those cattle and asserting a first lien for veterinary services and maintenance of the cattle, pursuant to Neb. Rev. Stat. §§ 52-601.01, 52-604, and 52-605 (Reissue 1984) (lien for services on personal property). Trust Fund filed a "Petition in Intervention," acknowledging Western's employment concerning the cattle and further alleging that Fredericks was

indebted to Trust Fund as reflected by Fredericks' promissory note. Trust Fund alleged that Fredericks was in default on that promissory note secured by Fredericks' security agreement given to Trust Fund.

The district court permitted Trust Fund's intervention on November 29, 1984, and ordered the parties to plead to Trust Fund's petition within 14 days. Fredericks' demurrer to Trust Fund's petition was overruled, but Fredericks never filed an answer. In its pleading, Western reasserted its lien for the cattle. Both Western and Trust Fund requested that the cattle be sold and proceeds be applied to satisfy the claims of Western and Trust Fund.

On Western's application, the court appointed a receiver with direction to sell the livestock immediately at a public sale, which took place in February and was judicially confirmed on March 12, but distribution of sale proceeds was deferred until completion of trial.

On March 25, 1985, the court held a "preliminary conference" attended by Fredericks' attorney and ordered Fredericks to file an answer within 10 days concerning Western's cross-petition and Trust Fund's petition in intervention. Additionally, the court ordered completion of discovery and a pretrial conference for April 23. On March 26, Fredericks' attorney filed a motion to withdraw from representation of Fredericks and mailed a copy of that motion, as well as notice of hearing on the motion, to Fredericks. After a hearing on April 1, the court allowed Fredericks' attorney to withdraw.

Pursuant to the previous order of March 25, the court held a pretrial conference on April 23. Neither Fredericks nor his attorney appeared at that pretrial conference, where both Western and Trust Fund moved for default judgment against Fredericks. The court entered a default judgment against Fredericks and also dismissed Fredericks' replevin action. At the April 23 pretrial conference, the court received evidence concerning the amounts claimed by Western and Trust Fund and then entered judgment for Western and Trust Fund. The court ordered the receiver to distribute the proceeds from the sale of cattle to Western and Trust Fund according to their

respective claims and the judgment entered. After those payments, any balance of sale proceeds was required to be paid into the registry of the court.

Fredericks wrote to the district court on April 26 and requested "a 30 day stay on the default motion while [he] secure[d] another Nebraska attorney to represent [Fredericks]," which request the district court denied on April 30. Through a successor attorney, Fredericks, on May 23, filed a "Motion to Vacate Default Judgment" and submitted his affidavit alleging he was "unable to secure additional legal representation or file an answer to the Petitions in Intervention and the Crossclaim of [Western] by the deadline for filing said answers on April 4, 1985." In his affidavit Fredericks further alleged that his cattle were wrongfully retained by the Lincoln County sheriff and were not covered by the security agreements and financing statements given to Trust Fund and, further, the receiver did not obtain a commercially reasonable price in the sale of Fredericks' cattle.

On June 24, 1985, the court held an evidential hearing on Fredericks' motion to vacate the default judgment, and Fredericks testified:

Q [Fredericks' attorney] And you were aware that [your attorney] had withdrawn as being your counsel?

A [Fredericks] Yes.

Q You received notice of that, correct?

A Yes.

Q Were you ever advised that a pre-trial hearing or pre-trial conference was scheduled for the latter part of April of 1985?

A At the time [my attorney] pulled out, he had advised me of a pre-trial conference.

According to the affidavit of Fredericks' former attorney, which was received as evidence, Fredericks was informed on April 22 that the attorney would contact the district court and request additional time for Fredericks to obtain counsel. Fredericks' former attorney did talk to the court on the morning of April 23, before the pretrial conference, and informed the court that Fredericks required additional time to obtain another attorney, but the court denied such additional

time. In a letter dated March 26, 1985, Fredericks' former attorney wrote to Fredericks:

> [E]nclosed is a copy of the Court Order allowing ten days for you to file an answer to the Defendant's Petition and Cross-Petition. You should be aware that if you fail to do this, you will probably be in default, the trust company will receive the money they are asking for and the auction company will receive the funds that they are requesting for their services. . . . I strongly suggest to you that you retain an attorney to see that a proper answer is filed to prevent this from happening.

Fredericks testified he received the foregoing letter sometime after April 1, 1985, but was uncertain of receipt before the pretrial conference on April 23. The district court declined to vacate the default judgment against Fredericks. We make no comment about the procedural propriety of joining the actions pled by the parties. Fredericks has appealed no aspect of the replevin action. Rather, Fredericks' only assignment of error relates to the court's refusal to vacate such default judgment.

A district court has the inherent power to vacate its own judgment anytime during the term in which it is rendered. *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977). See, also, *Urwin v. Dickerson*, 185 Neb. 86, 173 N.W.2d 874 (1970).

> The vacation of a default judgment rests in the discretion of the district court. The burden rests on the person adversely affected by the court's order to affirmatively establish an abuse of discretion. . . . "Whether a default shall be opened, is a question addressed to the discretion of the court. The Supreme Court will not interfere with its exercise, unless it is oppressive."

(Citation omitted.) *Commercial Sav. & Loan Assn. v. Holly Development, Inc.*, 182 Neb. 335, 339, 154 N.W.2d 510, 513 (1967).

The district court's discretion must be exercised reasonably, not arbitrarily. See *Steinberg v. Stahlnecker*, 200 Neb. 466, 263 N.W.2d 861 (1978). The facts and circumstances in each case determine whether the district court's discretion has been exercised reasonably. See *Michaelis v. Michaelis*, 187 Neb. 350,

190 N.W.2d 783 (1971). In considering a request to set aside a default judgment, a court may consider promptness of the motion to vacate, negligence or want of diligence of the party moving to vacate, and avoidance of unnecessary delays and frivolous proceedings in the administration of justice. *Michaelis v. Michaelis, supra.*

> "A judicial abuse of discretion does not denote or imply improper motive, bad faith, or intentional wrong by a judge, but requires the reasons or rulings of a trial judge to be clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition through a judicial system."

*Newton v. Brown*, 222 Neb. 605, 617-18, 386 N.W.2d 424, 432 (1986). See, also, *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986).

Regarding a refusal to set aside a default judgment, an abuse of discretion may exist where the defaulted party tenders an answer or other proof disclosing a meritorious defense to the action which is the subject of the default. *Lincoln Welding Supply v. Inhalation Plastics*, 213 Neb. 862, 331 N.W.2d 804 (1983); *Steinberg v. Stahlnecker, supra.* " 'A meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.' " *Steinberg v. Stahlnecker, supra* at 468, 263 N.W.2d at 862-63.

In seeking to set aside the default judgment against him, Fredericks raised some question about the propriety of actions by the sheriff and receiver and the correctness of his security agreements and financing statements given to Trust Fund. The record does not disclose that Fredericks has challenged the order entered March 12, 1985, confirming the sale of Fredericks' cattle. Questions raised by Fredericks relate to the replevin action, a matter which is not before this court. Fredericks has never questioned the claim of Western or existence of the debt owed to Trust Fund. Without Fredericks' allegation of a meritorious defense concerning the claims of Western and Trust Fund, we cannot begin to evaluate whether there has been an abuse of discretion by the trial court.

The evidence clearly shows that Fredericks knew that his attorney had withdrawn before the pretrial conference, which had been scheduled for April 23, 1985, and that Fredericks had been informed about the consequences of failure to file an answer and, therefore, become in default in the proceedings. Fredericks has offered no valid excuse for his failure to appear personally or by counsel at the pretrial conference. While Fredericks may have appeared personally, if unable to obtain representation for the pretrial conference, he instead chose to ignore the obligation for his appearance before the court on a matter scheduled and called to Fredericks' attention. As we stated in *Commercial Sav. & Loan Assn. v. Holly Development, Inc., supra* at 341-42, 154 N.W.2d at 514:

> A default judgment will not ordinarily be set aside on the application of a party who, by his own fault, negligence, or want of diligence, has failed to protect his own interests. Such a party will not be permitted to ignore the process of the court and thereby impede the termination of litigation.

Moreover, a motion for continuance was not filed. In the circumstances of this case, the oral request for a continuance does not comply with Neb. Rev. Stat. § 25-1148 (Reissue 1985), which provides in part:

> Whenever application for continuance or adjournment is made by a party or parties to any cause or proceeding pending in the district court of any county, such application shall be by written motion entitled in said cause or proceeding and setting forth the grounds upon which said application is made, which motion shall be supported by the affidavit or affidavits of person or persons competent to testify as witnesses under the laws of this state, in proof of and setting forth the facts upon which such continuance or adjournment is asked.

The district court did not abuse its discretion in declining to set aside the default judgment entered against Fredericks. The judgment of the district court is affirmed.

AFFIRMED.