472 N.W.2d 386 (1991)
238 Neb. 741
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF COLORADO SPRINGS, Appellee,
v.
Paul K. WYANT, Jr., Appellant.
No. 89-105.
Supreme Court of Nebraska.
July 26, 1991.
*388 Warren S. Zweiback and Mary Lou Perry, of Zweiback, Hotz & Lamberty, P.C., Omaha, for appellant.
Michael K. Huffer, of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, for appellee.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.
GRANT, Justice.
Defendant, Paul K. Wyant, Jr., appeals the order of the district court for Douglas County denying his motion to vacate a default judgment. We affirm.
The record shows that on September 23, 1988, appellee, First Federal Savings & Loan Association of Colorado Springs (First Federal), obtained a default judgment in Colorado against Wyant and three other parties for the amount of $95,654.59. In issuing judgment, the Colorado court found that Wyant and the other defendants were legally served with process, failed to answer First Federal's complaint within the prescribed time, and were jointly and severally liable to First Federal on the subject promissory note. The other defendants named in the Colorado action were Financial Inversion Properties, a Colorado general partnership; Bruce W. Hunter; and "Phillip U. Beggs." The promissory note in question was signed by Wyant, Hunter, and "Phillip D. Beggs." The summons relating to the Colorado action was personally served on Wyant at Dale Beggs Development Co., 412 South 19th Street, Omaha, Douglas County, Nebraska, on August 11, 1988.
On November 21, 1988, First Federal filed a petition for registration of the Colorado judgment in the district court for Douglas County. Wyant was personally served with a summons and a copy of the petition for registration of foreign judgment on November 29, 1988.
On January 5, 1989, the Douglas County District Court entered judgment for First Federal, finding that Wyant failed to answer or otherwise plead to First Federal's petition, pursuant to Neb.Rev.Stat. § 25-1593 (Reissue 1989), that it had been more than 30 days from the date personal jurisdiction was obtained over Wyant, and that Wyant owed First Federal $95,654.59 plus interest from September 23, 1988.
On January 12, 1989, Wyant filed a motion to set aside the judgment of the Douglas County District Court, and a hearing was held on January 26, 1989. During the hearing, Wyant offered three affidavits in support of his motion.
The affidavit of "P. Dale Beggs" (who is apparently the "Phillip D. Beggs" who signed the promissory note and may be the "Phillip U. Beggs" named as a defendant in the Colorado action) states that during December 1988, Beggs spoke with Thomas Haskins, the executive vice president and general counsel of First Federal. During this conversation, Haskins and Beggs purportedly agreed that a court action against Wyant would be held in abeyance pending certain settlement discussions.
*389 In his own affidavit, Wyant stated that he did not respond to the petition for registration of foreign judgment filed in this case because First Federal had agreed that court action against Wyant would be held in abeyance pending settlement discussions. Wyant stated that he believed he had a meritorious defense to the registration because the Colorado default judgment was obtained with the understanding that enforcement and execution would not be commenced against him until all reasonable enforcement efforts had been exhausted against the assets of Financial Inversion Properties, Bruce Hunter, and P. Dale Beggs.
Finally, in a supplemental affidavit, Wyant stated that default judgments were entered in this case because Wyant relied upon representations made by Haskins at the time First Federal filed the Colorado action. Wyant claims Haskins represented that First Federal would not seek judgment against Wyant, but would instead collect an agreed-upon settlement sum of $50,000 from Hunter or Beggs. Wyant also claims that Haskins agreed the amount due to First Federal was $50,000, rather than approximately $95,000.
Haskins' affidavit, offered by First Federal, states that on or about December 29, 1988, Haskins spoke with Beggs about the lawsuit against Wyant. During this discussion, Haskins told Beggs that First Federal would not attach or execute upon any assets in Colorado owned by or owed to Beggs for a 2-week period beginning December 29, 1988, because Beggs was returning to Omaha and did not want his Colorado assets at risk during his absence. Haskins denied that First Federal agreed to forgo any attempts to obtain a personal judgment against Wyant. He stated that he discussed this matter with Beggs on January 17, 1989, that Beggs agreed Haskins had not represented that any forbearance against Wyant was involved in their agreement, and that Beggs confirmed this understanding during a telephone call to Wyant made from Haskins' office. Haskins stated that all agreements he may have made with Beggs to delay attachment and execution proceedings against Beggs' assets had terminated because the 2-week period had run and First Federal, Beggs, and Wyant did not reach a settlement agreement regarding the underlying debt.
After the January 26, 1989, hearing, the district court for Douglas County denied Wyant's motion to vacate the default judgment.
On February 2, 1989, Wyant filed a "supplemental motion to set aside default judgment and for leave to file answer to petition." During a hearing held February 6, 1989, the court received in evidence, over First Federal's objection, Wyant's motion and proposed answer. On February 6, the district court denied Wyant's supplemental motion.
Wyant timely appealed to this court and contends the district court erred in denying his motion to set aside default judgment "when the Motion was filed within one week after entry of the default, and the evidence presented in support of the Motion disclosed allegations of a meritorious defense to the underlying action and to the default judgment which a litigant should be allowed to present on the merits."
In this case, First Federal registered the Colorado judgment against Wyant pursuant to the Uniform Enforcement of Foreign Judgments Act, Neb.Rev. Stat. §§ 25-1587 et seq. (Reissue 1989). Section 25-1588 provides: "On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action." A "foreign judgment" is defined in § 25-1587(1) as "any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state."
The record shows that First Federal's petition for registration was filed in the district court on November 21, 1988, and that Wyant was personally served with process on November 29, 1988, in accordance with the act.
*390 Wyant was entitled to respond to First Federal's petition for registration pursuant to § 25-1594, which provides that
[a]ny defense, setoff or counterclaim, which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within thirty days after personal jurisdiction is acquired over him....
Wyant did not appear or file a responsive pleading within 30 days after he was served. Section 25-1593 provides that if the judgment debtor fails to plead within 30 days after jurisdiction over his person has been obtained, the registered judgment shall become a final personal judgment of the court in which it is registered. Accordingly, the Colorado judgment became a final personal judgment of the district court for Douglas County.
In essence, Wyant contends the district court should have sustained his motion to vacate the Nebraska default judgment because he has a "meritorious defense on the merits" to the Colorado action.
In Repp v. Repp, 156 Neb. 45, 54 N.W.2d 238 (1952), this court acknowledged that U.S. Const. art. IV, § 1, the full faith and credit clause, prevents the courts in this state from reviewing the merits of a judgment rendered in a sister state. A judgment rendered by a sister state court which had jurisdiction is to be given full faith and credit and has the same validity and effect in this state as in the state rendered. Gruenewald v. Waara, 229 Neb. 619, 428 N.W.2d 210 (1988). While it is presumed that a foreign court rendering a judgment had jurisdiction over the parties, a foreign judgment can be collaterally attacked by evidence that the rendering court was without such jurisdiction, but such attack must be timely done within the framework of §§ 25-1587 to 25-15,104. See Olson v. England, 206 Neb. 256, 292 N.W.2d 48 (1980).
As the Supreme Court of Arkansas said in Purser v. Corpus Christi State Nat'l Bk., 256 Ark. 452, 459, 508 S.W.2d 549, 553 (1974),
We have long recognized that a judgment debtor has a right to defend against a foreign judgment sought to be enforced in the courts of this state, but not on defenses that could have been made in the action in which the judgment was rendered. [Citations omitted.] Under the full faith and credit clause of the United States Constitution, Art. 4, § 1, such a judgment is as conclusive on collateral attack, except for the defenses of fraud in the procurement of the judgment or want of jurisdiction in the court rendering it, as a domestic judgment would be. [Citations omitted.] Furthermore, a judgment entered by default is entitled to full faith and credit and is as conclusive against collateral attack as any other judgment. [Citations omitted.]
Wyant does not contend the Colorado judgment is void for lack of jurisdiction. Although void foreign judgments are not entitled to full faith and credit, the record shows that Wyant was personally served with a summons in both Colorado and Nebraska, and Wyant does not contend the Colorado court lacked jurisdiction to enter judgment against him. Compare, Gruenewald v. Waara, supra (Texas default judgment was void and not entitled to registration in Nebraska because defendant was not properly served in Texas, and the Texas court did not have jurisdiction over defendant); Olson v. England, supra (in an action on a Colorado judgment, rendered in proceedings in which there was no service of process on the defendant and no waiver of such service, the defendant may show as a complete defense that the Colorado court had no jurisdiction over defendant because the attorney who entered an appearancefor him had no authority to do so). In each of those cases, the defendant apparently timely appeared and attacked the registration of the foreign judgment.
A district court has the inherent power to vacate its own judgment anytime during the term in which it is rendered. Fredericks v. Western Livestock Auction Co., 225 Neb. 211, 403 N.W.2d 377 (1987). *391 In reviewing a trial court's action in vacating or refusing to vacate a default judgment, the Supreme Court will uphold and affirm the trial court's action in the absence of an abuse of discretion. Fredericks v. Western Livestock Auction Co., supra; Starr v. King, 234 Neb. 339, 451 N.W.2d 82 (1990); Murphy v. Murphy, 237 Neb. 406, 466 N.W.2d 87 (1991).
"A default judgment will not ordinarily be set aside on the application of a party who, by his own fault, negligence, or want of diligence, has failed to protect his own interests. Such a party will not be permitted to ignore the process of the court and thereby impede the termination of litigation."
Fredericks v. Western Livestock Auction Co., supra 225 Neb. at 217, 403 N.W.2d at 382 (quoting Commercial Sav. & Loan Assn. v. Holly Development, Inc., 182 Neb. 335, 154 N.W.2d 510 (1967)).
Wyant was personally served with a summons and a copy of the petition for registration of foreign judgment in this case. He chose not to appear in this Nebraska action, as he had chosen not to appear in the Colorado action. Instead, 7 days after the Nebraska default judgment was entered, Wyant filed a motion to vacate the judgment. The trial court held a hearing on the motion on January 26, 1989. At the hearing, Wyant introduced three exhibits (two affidavits of Wyant and one affidavit of P. Dale Beggs, signed Phillip Dale Beggs). First Federal offered the affidavit of an officer of First Federal's. The trial court received Wyant's exhibits and the affidavit for First Federal and inquired of counsel, "Anything further in the way of evidence?" Wyant's counsel answered, "None, Your Honor." First Federal's counsel then introduced the certificate of service in the Colorado action, which was received without objection. The trial court denied Wyant's motion to vacate the default judgment. Notwithstanding his statement to the court that he had no more evidence to present, Wyant was granted a second hearing, which was held on February 6, 1989. The trial court again denied Wyant's motion to vacate the default judgment.
Wyant has already had two hearings in the district court in conjunction with this matter and did not, in either hearing, satisfactorily explain his failure to timely appear before the Douglas County District Court. Wyant does not question the jurisdiction of the Colorado court or the Nebraska court. Any peripheral issues of fraud have been determined against him. It would appear that it is time for this apparently experienced businessperson to face up to the realities of litigation in the business world.
Under the circumstances in this case, the district court did not abuse its discretion in refusing to set aside its default judgment against Wyant.
The judgment of the district court is affirmed.
AFFIRMED.
WHITE, CAPORALE and FAHRNBRUCH, JJ., concur.