Clutz v. Carter.

REVERSED AND REMANDED.

---

CHARLES CLUTZ, PLAINTIFF IN ERROR, v. JONATHAN R. CARTER, DEFENDANT IN ERROR.

Practice: DEFAULT: JUDGMENT. At the June term of the district court the petition of plaintiff was stricken from the files with leave to verify and refile the same within a given time. After that time had elapsed and the petition not being filed, B., the attorney of defendant, informed him of such fact, and that he need give the case no further attention until advised by him, said attorney. At the December term following, L., another attorney, made a voluntary and unauthorized appearance on behalf of said defendant, and moved to dismiss said cause for want of a petition on file. The court denied said motion and allowed plaintiff to refile his petition *instanter*, and gave the defendant sixty days in which to answer. B. knew of the appearance and motion of L., and supposing that defendant had substituted L. as his attorney, gave the case no further attention, and defendant had no notice of such proceedings. At the March term following the plaintiff having complied with the order of December, the cause was, tried in the absence of defendant or an answer, and judgment for the plaintiff. At the same term defendant moved for a new trial, to be let in to defend and showed cause; motion denied. *Held* error, and new trial awarded with leave to defendant to answer.

ERROR to the district court for Adams county. Tried below, before GASLIN, J.

*Bowen & Tanner*, for plaintiff in error.

*Ash & Scofield*, for defendant in error.

COBB, J.

This action was commenced in the district court of

Adams county, June 3d, 1878, by Jonathan R. Carter, against B. F. Hyde, and the plaintiff in error, Charles Clutz as securities of Ellen Potter, on a replevin bond. Plaintiff in error was personally served with process. B. F. Hyde was not served. The plaintiff filed his petition without verification.

On the 20th of June 1878, defendant Clutz appeared by A. H. Bowen, his attorney, and filed his motion to strike said petition from the files for the want of verification.

June 25th, the court made an order granting leave to the plaintiff to verify and refile his said petition within five days, and granting leave to the defendant Charles Clutz, to plead, answer or demur, within twenty days.

July 1st, 1878, the following order was entered: "This day leave granted said plaintiff to verify and refile his petition within ten days, and leave granted said defendants to answer within thirty days thereafter."

On the 3d day of December, 1878, a motion was filed in the following words: "Comes now the said defendants and move the court here to dismiss this said action and shows the court the following grounds therefor. That said plaintiff has no petition on file as required by a previous order of this court.

JAMES LAIRD,
B. F. SMITH, and
A. H. BOWEN,
      Attorneys for defendants."

On the 3d day of December, the said motion was submitted to the court. On the following day the said motion was overruled and leave granted to the plaintiff to file his petition *instanter* and to the defendant to answer within sixty days. And on the same day the petition was filed duly verified.

On the 31st of March, 1879, the following judgment was entered in the cause: "And now on this day this

cause coming on to be heard without the intervention of a jury, upon the pleadings and evidence the court doth find the issues joined in favor of the plaintiff and against the defendant Charles Clutz, and that the defendant Charles Clutz is indebted to the plaintiff in the sum of $340.00. It is therefore considered and adjudged by the court here, that the said plaintiff do have and recover of and from the said defendant Charles Clutz the said sum of $340.00 and costs of suit," etc.

On the 7th day of April, 1879, the said defendant, Charles Clutz, by A. H. Bowen, his attorney, filed his motion to set aside the default theretofore entered against. him in said action and to permit him to answer therein, and that said defendant have opportunity to defend said action, etc. To sustain which motion, he also filed his own affidavit, stating *inter alia* that, upon being served with process in said action, he engaged A. H. Bowen, to appear for him and defend said action in his behalf; that said Bowen did so appear at the June term 1878, and upon the motion of the said Bowen the petition in said action was stricken from the files with permission to refile within 30 days; that the affiant was informed by said Bowen, his attorney, after the expiration of the said 30 days that said petition had not been refiled and that he said affiant need not appear again unless notified by him, said Bowen; that he received no notice from said Bowen or any other person of the pendency of said action, and that he did not know of said action until on the 5th of April, inst., when he learned of the rendition of judgment against him; that he never employed or authorized any attorney to appear for him in said action other than said Bowen, and that the appearance of other attorneys on his behalf was voluntary on their part, and wholly unauthorized by him, and that he had a good and complete defense to said action.

And also the affidavit of A. H. Bowen, that he was

engaged by said defendant Clutz to appear for and defend him in the said action, that he did so appear at the June term of said court, 1878, and upon affiant's motion the petition of plaintiff was stricken from the files and permission given to refile within a certain time; that the said petition was not filed within the time so given, nor until the December term of this court, 1878; whereupon other attorneys appeared for defendant Clutz, and affiant supposing that his services were no longer required took no further steps in the case for said defendant Clutz. Affiant further states that he notified said Clutz after the expiration of the time given in which plaintiff might refile his petition, that said petition had not been refiled; that he need not appear until notified; that the reason he did not so notify Clutz was that other counsel appeared for him in said case at said December term, 1878, and that affiant believes that the said defendant has a good and complete defense to said action.

And also the affidavit of James Laird, Esq., in which the affiant states "that he is one of the attorneys of the firm of Laird & Smith, who appeared for defendant Clutz, at the December, 1878, term of the court; that such appearance was entirely voluntary on his part for said firm, having prior to said time done the legal business of the said defendant Clutz, and that said appearance was not made by any authority of said Clutz, either directly or indirectly to affiant's knowledge."

Defendant's motion was overruled by the court.

From an examination of the case as above set out it seems quite clear that the plaintiff in error, for no apparent fault of his own, has been deprived of an opportunity to make his defense in said cause. It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court, and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney.

The application to set aside the default and judgment and let the defendant Clutz in to defend was timely made, and the showing sufficient, and should have been allowed.

The judgment of the district court is therefore reversed, the default of plaintiff in error set aside, and the cause remanded with directions to allow the defendant Clutz a reasonable time in which to answer and for further proceedings according to law,

REVERSED AND REMANDED.