CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V.
JOSHUA VAN CLEAVE.

FILED JUNE 15, 1897.   No. 7316.

1. Garnishment: FEES OF GARNISHEE.  By section 221 of the Code of
   Civil Procedure a garnishee is not required to appear and answer
   until he is tendered the same fees as the law allows a witness in
   the suit in which the garnishment proceedings are had.

2. ——: ——: FAILURE TO APPEAR.  A garnishee is not liable for a
   failure to appear and answer where the requisite amount of fees
   has not been tendered him.

3. ——: LIABILITY OF GARNISHEE.  A garnishee cannot be charged as
   the debtor of the defendant unless it appears affirmatively that at
   the time he was garnished a cause of action existed against him,
   and in favor of the defendant, for the recovery of a legal debt due,
   or to become due by the efflux of time.  *Edney v. Willis*, 23 Neb.,
   56, followed.

ERROR from the district court of Cass county.    Tried
below before CHAPMAN, J.    *Reversed.*

*Charles J. Greene, Ralph W. Breckenridge, J. W. Deweese,*
and *Byron Clark*, for plaintiff in error.

*L. W. Billingsley, R. J. Greene*, and *C. S. Polk, contra.*

NORVAL, J.

Joshua Van Cleave recovered a judgment against one R. G. Wilson, before a justice of the peace in Cass county, on February 4, 1890, for $56, including costs of suit; and an execution was issued on said judgment on the same day, which was returned unsatisfied for the want of property whereon to make a levy. Subsequently, Van Cleave's attorney filed an affidavit in garnishment under section 244 of the Code of Civil Procedure, and a summons in garnishment was served upon the Chicago, Burlington & Quincy Railroad Company, by leaving a certified copy thereof with J. W. Bowker, its station agent at Greenwood, to appear before the justice on February 12, 1890, at 9 o'clock A. M. The garnishee having failed to appear and answer, this action was instituted by Van Cleave against the railroad company, under section 225 of the Code, and from a judgment recovered against the defendant for $56 and costs, taxed at $50.78, it prosecutes error to this court.

A reversal is asked upon two grounds:

First—That plaintiff never paid or tendered to defendant or its agent or officer the fees which a garnishee is entitled to receive.

Second—It was not shown that the railroad company was indebted to the judgment debtor, Wilson, at the date of the service of the garnishment process.

As to the first point it is undisputed that when the garnishee summons was served upon Mr. Bowker no fees were paid or tendered him. Subsequently, on February 12, 1890, the day the garnishee was commanded by the writ to appear, whether it was before or after the hour fixed in the summons for that purpose the witnesses do not agree, the constable paid to Mr. Bowker, at the depot in Greenwood as fees, the sum of $1, which amount on a subsequent day was returned to the justice by Mr. Bowker. The hearing on the garnishment proceedings was continued until February 20, 1890, but no notice of such

continuance was ever given the railroad company or Mr. Bowker, nor did the garnishee appear before the justice on the return day, or at any other time, or make answer in the garnishment proceedings. The place where the garnishee summons was served was within one mile of the office of the justice of the peace. Section 221 of the Code of Civil Procedure provides that "a garnishee shall not be required to appear in this or any other case, unless there is tendered to him the same fees as a witness is entitled to in the suit in which the garnishee proceedings are had, and such fees may be taxed and collected in the same manner as other costs in such proceedings." Witnesses before a justice of the peace are allowed for each day's attendance $1, and mileage at the rate of five cents for each mile necessarily traveled. (Section 25, chapter 28, Compiled Statutes.) It follows, if said section 221 is applicable here, that Bowker was entitled to receive a dollar as fees for each day's attendance, besides ten cents as mileage. If the tender was made in time, it was insufficient in amount, and Bowker was not required to appear; hence no liability existed against the company for his failure to do so. Again, no fees were tendered for the day to which the hearing was adjourned, nor was the company or Mr. Bowker advised of the adjournment. The contention that section 221 is not applicable to garnishment after judgment, or proceedings in aid of execution, is not tenable. The section plainly applies to all garnishment cases, whether brought before or after judgment.

The evidence adduced on the trial fails to establish that the garnishee was indebted to Wilson, the judgment debtor, when the garnishee summons was served. The only testimony on behalf of the plaintiff below on that subject was given by G. W. Clark, which was to the effect that Wilson was in the employ of the company, and through a conversation which Mr. Clark had with Mr. Bowker, the witness ascertained that Wilson was receiving wages about enough to pay the claim in controversy;

but there is not a scintilla of evidence to show that anything at the time was due him from the company. A person is not liable as garnishee unless it affirmatively appears that at the time of the garnishment the defendant had a cause of action against him for the recovery of a legal demand due, or to become due by the efflux of time. (*Edney v. Willis*, 23 Neb., 56.) The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.