HENRY KELSEY ET AL. V. AUGUST KLABUNDE.

FILED APRIL 21, 1898.    No. 8043.

1. Judicial Officers: LIABILITY.  A judicial officer acting within his
    jurisdiction and in a judicial capacity is not liable for such acts.

2. False Imprisonment: MINISTERIAL OFFICERS.  A ministerial officer
    is not liable in an action for false imprisonment for the arrest of
    a person under a warrant regular on its face and issued by proper
    authority, where there is no abuse thereof in the manner of its
    execution.

3. Justice of the Peace: ARREST OF GARNISHEE: WARRANT.  A justice
    of the peace has jurisdiction to issue a warrant for the arrest of
    a garnishee who, having been summoned, refuses to appear and
    answer.  The failure to tender the garnishee his fee, if such fail-
    ure excuses his failure to appear, is merely a defense to the con-
    tempt proceedings and does not render the issuing of the warrant
    void, or the justice civilly liable for having issued it.

ERROR from the district court for Douglas county. Tried below before BLAIR, J.  *Reversed.*

*John T. Cathers* and *J. O. Detweiler,* for plaintiffs in error.

*J. J. O'Connor, contra.*

IRVINE, C.

This was an action for false imprisonment against Henry Kelsey, a justice of the peace, William Poppenhagen, a constable, and the sureties on their respective bonds, by August Klabunde. The plaintiff had judgment by virtue of a peremptory instruction to the jury.

One Tittenbach recovered judgment against Bernhard Klabunde and Ernst Klabunde before Justice Kelsey. It is suggested that it is not shown that the justice had jurisdiction of the case, but the transcript in evidence discloses that there was personal service of summons on both defendants.  An execution on this judgment having been returned unsatisfied, an affidavit for a writ of garnishment was filed and a summons in garnishment issued against August Klabunde, the plaintiff herein. It is not suggested that there was any defect in the procedure to this point. The writ was served, but no fee was tendered the garnishee. The evidence is conflicting as to whether a fee was demanded. The writ was regularly returned, but the garnishee failed to appear. The justice issued an attachment and delivered it to Poppenhagen, who arrested plaintiff and brought him before the justice. The justice adjudged him to be in contempt for his refusal to appear and answer, and imposed a fine of $45 and directed that he be imprisoned until the fine should be paid. He was accordingly committed to jail and there confined until released on habeas corpus the following day.

The district judge evidently took the view that because no fee had been tendered the garnishee, he was

not compelled to appear, and that it followed therefrom that the subsequent acts of the justice were *coram non judice*. Accordingly this instruction was given: "The court instructs the jury as a matter of law that upon the facts in this case the plaintiff was not required to appear before the defendant Kelsey, his fees not having been tendered him, and the justice had no jurisdiction, in the absence of proof that his fees had been tendered him, to issue a *capias* or attachment for the arrest and detention of the plaintiff, and the arrest and detention of the plaintiff were unlawful and wrongful, and the plaintiff is entitled to recover of the defendants in this action such sum as the jury shall find from the evidence will compensate him for such unlawful arrest and detention (limited to compensation for the disgrace and injury to his reputation which followed) until he was released by habeas corpus proceedings, not to exceed, however, the sum of $500." This instruction was erroneous, if for no other reason, because it permitted a recovery for the arrest and detention prior to the order of commitment. By section 938 of the Code of Civil Procedure a justice of the peace, if the garnishee fail to appear and answer, may proceed against him by attachment, as for a contempt. By section 1097 a warrant of arrest may be issued by a justice against one charged with contempt, on which the person so charged shall be brought before the justice for a hearing. The justice, therefore, in issuing the warrant was acting within his jurisdiction. If the plaintiff was excused from appearing because his fees were not tendered him, that was a defense to the charge of contempt. It was not a matter on which the jurisdiction of the justice to inquire into the contempt depended, and which he must decide at his peril in advance of the proceedings. *A fortiori*, the constable was protected in obeying this writ, which was certainly fair on its face. It is conceded that a judicial officer is not civilly liable for judicial acts when proceeding within his jurisdiction, and a constable is not

liable for executing a writ fair on its face unless he executes it in an unlawful manner. In this aspect the case is governed by *Atwood v. Atwater*, 43 Neb. 147. The arrest and detention prior to the commitment were not of such a character as to permit a recovery, and the judgment must be reversed because damages therefor were permitted.

The question most discussed is whether the justice was liable for the subsequent imprisonment, it being conceded that the fine, for the non-payment of which plaintiff was imprisoned, was in excess of that which the justice might lawfully impose. The liability of the constable for executing the mittimus would depend upon whether or not the sentence was absolutely void. The liability of the justice would not be concluded by an affirmance of that proposition, but there would then be suggested the further question, not free from difficulty, whether an act of a judicial character in excess of the powers conferred by law creates the same liability as an act wholly without jurisdiction. As the defendants joined in their answer and in all subsequent steps, including the petition in error, we cannot consider the question as to their several liabilities, and no opinion is, therefore, expressed thereon.

REVERSED AND REMANDED.