CRAWFORD STATE BANK, APPELLEE, v. L. T. MURPHY ET AL., APPELLEES: CONTINENTAL OIL COMPANY, GARNISHEE, APPELLANT.

7 N. W. (2d) 762

FILED JANUARY 29, 1943. No. 31515.

*Edwin D. Crites,* for appellant.

*Porter & Porter* and *Charles A. Fisher, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

In this case questions of law are presented for decision affecting only Crawford State Bank, plaintiff, appellee, and Continental Oil Company, garnishee, appellant. The facts are not disputed. Statutory provisions referred to in this opinion are concededly applicable. Upon consideration thereof, we affirm the judgment of the trial court.

On February 3, 1942, plaintiff filed its petition in the county court of Dawes county seeking to recover $300 and interest upon a promissory note from defendant L. T. Murphy. The latter was in the county when plaintiff's petition was filed but departed therefrom before service could be had upon him, and thereafter has resided in Arizona. On the same date plaintiff filed its affidavit for attachment and garnishment, supported by approved bond. Thereafter plaintiff filed a nonresidence affidavit.

After service on garnishee, its attorney filed a special appearance objecting to jurisdiction, contending, in substance, that the officer did not *leave* with garnishee a copy of the order of attachment with a *written notice* to appear in court and answer, as required by section 20-1010, Comp. St. 1929;

and that garnishee's statutory fees had never been tendered, paid or waived.

The county court sustained the objections, for the reason that no written notice to garnishee was *issued by* and served by the officer upon it, and thereupon excused and discharged garnishee from any and all obligations to answer and liability in the premises; and, there being no property of defendant attached through legal process on garnishee, dismissed plaintiff's case without prejudice at plaintiff's costs.

Upon appeal by plaintiff to the district court, a judgment was therein entered finding garnishee's objections to be without merit; reversing the judgment of the county court, and remanding the case for further proceedings, pleadings, process and final judgment as provided by law. The garnishee appeals therefrom, contending, for the first time in this court, as an additional objection to jurisdiction, that plaintiff's affidavit for attachment and garnishment is fatally defective, the agency of affiant not appearing therein and the fact of agency not being sworn to as other matters of fact. The jurisdictional quality of the affidavit requires adjudication of this contention.

Section 20-1002, Comp. St. 1929, requires the affidavit to be made by the plaintiff, his agent or attorney. In complying therewith the better practice is to require the fact that affiant is plaintiff, his agent or attorney, to be sworn to as other matters of fact, and not inserted in the affidavit as a mere recital. Where, however, the whole record taken together discloses that the affiant is the plaintiff or agent or attorney of the plaintiff, it is sufficient. *Jeary v. American Exchange Bank,* 2 Neb. (Unof.) 657, 89 N. W. 771; *Tessier v. Englehart & Co.,* 18 Neb. 167, 24 N. W. 734.

Plaintiff's petition, its verification, and plaintiff's affidavit clearly disclose affiant's agency, as president and managing executive officer of plaintiff, and dispose of this contention adversely to garnishee.

Service of a written notice is required by section 20-1010, Comp. St. 1929, which reads, in part: "If the officer cannot come at such property, he shall *leave* with such garnishee a

copy of the order of attachment with a written notice that he appear in court, at the return of the order of attachment, and answer * * * ." Here, the officer did leave with garnishee a certified copy of the order of attachment and garnishment, together with written notice and summons therein contained, all issued and signed by the county judge, so commanding garnishee's appearance and answer.

Bouvier defines the word "garnishment" to be, "A warning to any one for his appearance, in a cause in which he is not a party, for the information of the court and explaining a cause." 2 Bouvier's Law Dictionary (Rawle's 3d Rev.) 1334. There is no requirement in the statute involved that the written notice which the officer shall leave with the garnishee shall be issued and signed by the officer. *Moore & Lyons v. Stainton*, 22 Ala. 831. No applicable authorities are cited by the garnishee holding otherwise under similar statutes, and we conclude that the written notice served complied with the statute.

It is conceded that garnishee's fees were never tendered, paid or waived. Section 20-1026, Comp. St. 1929, provides, in part: "But a garnishee shall not be required to appear in this or any other case unless there is tendered to him the same fees as a witness is entitled to in the suit in which the garnishee proceedings are had."

The officer made return herein showing that garnishee did not make any request or demand that attendance fees be paid or advanced to it. This does not comply with the statute requiring that fees must be tendered. See *Chicago, B. & Q. R. Co. v. VanCleave*, 52 Neb. 67, 71 N. W. 971. " 'Tender' is an offer to perform an act which the party offering is bound to perform." 41 Words & Phrases (Perm. ed.) 330.

We have held that a failure to tender garnishee fees is a defense in proceedings by attachment for a contempt (Comp. St. 1929, sec. 20-1028) for garnishee's refusal to appear in court and answer at the time and place named in the written notice. But, there being no defect in the procedure up to that point, such failure was not a matter on

which the jurisdiction of the court to inquire into the contempt depended. *Kelsey v. Klabunde*, 54 Neb. 760, 74 N. W. 1099.

Section 20-1038, Comp. St. 1929, provides: "From the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings under this chapter * * * ."

The order of the county court was correct, in so far as it excused garnishee from its obligations to appear and answer, but the judgment of the district court preserved garnishee's rights in that regard when it remanded the case for such further proceedings, pleadings, process and final judgment as provided by law.

Section 20-1017, Comp. St. 1929, provides: "An order of attachment binds the property attached from the time of service, and the garnishee shall stand liable to the plaintiff in attachment for all property, moneys, and credits in his hands, or due from him to defendant, from the time he is served with the written notice mentioned in section (20-1010)."

Under our statutes, proceedings in garnishment are in the nature of notice of the attachment to the party in actual possession of the property, and from the time he receives such notice he becomes a trustee in respect to the goods or property of the debtor. It is sufficient if property is deposited with the trustee or that he is indebted to the principal debtor. *Mathews v. Smith & Crittenden*, 13 Neb. 178, 12 N. W. 821.

Proper affidavit having been filed and a copy of the order of attachment with a written notice having been lawfully issued and served on garnishee, failure to tender garnishee fees excuses garnishee's failure or refusal to appear and answer, but does not dissolve the attachment and discharge garnishee from any and all liability in the premises or deprive the court of jurisdiction and control of all subsequent proceedings, if the garnishee at the time of service had any property of defendant in its possession which the officer "cannot come at."

It follows, therefore, that the county court was without authority to discharge the garnishee from any and all liability in the premises and dismiss plaintiff's case, and the judgment of the district court is, accordingly, affirmed.

AFFIRMED.