LEE SAPP LEASING, INC., APPELLEE, V. CIAO CAFFE & ESPRESSO, INC., AND MARCO BALDIERI, APPELLEES, AND MERRILL LYNCH & CO., INC., GARNISHEE-APPELLANT.
640 N.W.2d 677

Filed March 5, 2002.   No. A-00-897.

Patrick B. Griffin and Julie M. Cornwell, of Kutak Rock L.L.P., for appellant.

Jeanelle R. Lust, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellee Lee Sapp Leasing, Inc.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

Merrill Lynch & Co., Inc. (Merrill Lynch), garnishee, appeals from the denial of its motion for relief from default judgment that had been entered against it in favor of Lee Sapp Leasing, Inc. (Lee Sapp), the garnishor, after Merrill Lynch failed to answer garnishment interrogatories within the statutory period set forth in Neb. Rev. Stat. § 25-1010(2) (Reissue 1995). We conclude the district court abused its discretion in denying the motion for relief from judgment, because Merrill Lynch filed the motion in term, promptly, with a showing of a meritorious defense. Therefore, we reverse, and remand with directions to vacate the default judgment.

## BACKGROUND

Lee Sapp recovered a judgment against Ciao Caffe & Espresso, Inc., and Marco Baldieri (collectively judgment debtor) on January 25, 2000, in the amount of $75,000 plus interest. Lee Sapp filed an affidavit and praecipe in garnishment on May 23, and the clerk of the Douglas County District Court issued the order of garnishment on that date. The summons and order of garnishment and interrogatories were served on Merrill Lynch as garnishee by certified mail return receipt requested on May 25. The summons notified Merrill Lynch it was required to answer the interrogatories within 10 days of the service of the summons as required by statute. It failed to do so.

On June 14, 2000, Lee Sapp filed an application for judgment against Merrill Lynch. The trial court set the hearing for June 30 at 8:30 a.m. An affidavit of service shows that a copy of the order for hearing was mailed to Merrill Lynch at an Omaha address on June 19. On June 30, Merrill Lynch filed an answer to the garnishment summons on the form provided and a "Garnishment Answer." Lee Sapp's attorney received a copy the same day.

No one representing Merrill Lynch appeared at court on June 30, 2000, but attorneys representing Lee Sapp appeared. The court advised them that it would grant default judgment and

made a trial docket entry to that effect, and Lee Sapp's counsel was to prepare the judgment document. On June 30, answers to the garnishment interrogatories were received by the court, and Lee Sapp's counsel learned that her office had received a copy of these documents on that date. Counsel prepared a judgment document, and the judgment was rendered by the court on July 3 and filed by the clerk on July 5. The judgment was in the amount of $75,000 plus interest of $12,280.68 with per diem interest thereafter at $24.66. A copy was served on Merrill Lynch by Lee Sapp's counsel on July 5.

On August 11, 2000, Merrill Lynch filed a motion entitled "Motion for Stay of Execution and Relief From Judgment." The relevant contents of the motion will be set forth later. At the hearing on the motion, Merrill Lynch offered exhibit 1, which was an affidavit of Alec Setten, an employee of Merrill Lynch's New York office, who received the various documents served on Merrill Lynch in its Omaha office. Setten admitted to having received a copy of the summons on May 25, the order for the June 30 hearing on June 14, and the judgment on July 7. He stated that he mailed the garnishment answers to Lee Sapp's counsel on June 23 and that he contacted Lee Sapp's attorney on July 5. Setten did not notify his supervisor about the matters until August 10, when the sheriff tried to execute on the judgment. He also stated that Merrill Lynch did not owe the judgment debtor anything or hold property of the judgment debtor and in effect, that he failed to act through "mistake, inadvertence and neglect." Copies of documents of the judgment debtor's account with Merrill Lynch showing a negative balance at the applicable time were attached to the affidavit.

Lee Sapp's attorney also offered an affidavit which established that the attorney did various acts in regard to the judgment. The affidavit stated that the default judgment hearing was held on June 30, 2000; that Merrill Lynch did not appear; that after the hearing, the attorney returned to the office to prepare the judgment document; and that at that time, she learned that she had received Setten's correspondence of June 23, which included a copy of the answer to the garnishment summons. Tracing by Lee Sapp's attorney established the document had been mailed on June 29 by overnight mail.

Merrill Lynch also offered exhibit 3, the affidavit of Daniel R. Spector, senior counsel for "Merrill Lynch & Co., Inc.," who stated that "Merrill Lynch Pierce Fenner & Smith Incorporated" was not authorized to accept service of process for "Merrill Lynch & Co., Inc."; that the two are separate entities operated independently from one another; and that the address in Omaha was the office of Merrill Lynch Pierce Fenner & Smith. Apparently, the point of this affidavit is that all of the documents served on Merrill Lynch were served at the Omaha office of Merrill Lynch Pierce Fenner & Smith. The district court excluded Spector's affidavit and overruled Merrill Lynch's motion.

The trial judge stated on the record that he believed that a failure to answer garnishment interrogatories that results in a judgment is "immutable" and that the court did not have the authority to vacate and set aside the judgment. The judge also stated that there was a procedural difficulty in that there was not an express motion to vacate the judgment, but that it was not necessarily fatal to the proceedings, and that he did not consider the distinction between "Merrill Lynch, Inc.," and "Merrill Lynch, Pierce, Fenner & Smith" all that determinative in his decision not to vacate, because "Merrill Lynch themselves seem haphazard in maintaining the distinction." The court found that it was not abusing its discretion in not setting aside the default judgment. Merrill Lynch appealed from that order.

## ASSIGNMENTS OF ERROR

Merrill Lynch alleges the trial court erred in (1) denying Merrill Lynch's motion and (2) refusing to receive into evidence the affidavit of Spector, which evidenced a meritorious defense for Merrill Lynch. In addition, Lee Sapp argues that this court does not have jurisdiction because Merrill Lynch did not file an appropriate pleading in the district court.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000).

■ To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Davis Erection Co. v. Jorgensen*, 248 Neb. 297, 534 N.W.2d 746 (1995).

■ In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996). See, also, *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999).

■ An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Talkington v. Womens Servs., supra.*

## ANALYSIS

*Jurisdictional Question.*

Lee Sapp argues that this court does not have jurisdiction over this appeal because Merrill Lynch did not file a motion to vacate the default judgment, but "a non-existent motion for an order 'staying the execution of the judgment . . . .'" Brief for appellee Lee Sapp at 3. In support of Lee Sapp's position, it cites *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983) (holding that motion to dismiss cannot be treated as summary judgment), and *Anderson v. Matthis*, 246 Neb. 215, 518 N.W.2d 94 (1994) (court will not consider appeals from procedures that do not exist under Nebraska law).

■ Lee Sapp also cites to cases where review was undertaken, but argues these were minor errors in pleading and do not apply here. These cases stand for the proposition that the character of a pleading is determined by its content, not by its caption. See, *In re Estate of Krueger*, 235 Neb. 518, 455 N.W.2d 809 (1990); *Stigge v. Graves*, 213 Neb. 847, 332 N.W.2d 49 (1983); *Walkenhorst v. Apolius*, 172 Neb. 830, 112 N.W.2d 31 (1961). See, also, *From v. Sutton*, 156 Neb. 411, 56 N.W.2d 441 (1953) (where documents captioned "petition on appeal," "notice of appeal," and "certified copy of the commissioners' appraisal filed with the county treasurer" were held effective for appeal by petition in error by showing intent to perfect appeal and because

filed documents contained what statutes required for appeal by petition in error). We believe these cases supply the rule which is applicable in this case. We therefore shall determine the character of Merrill Lynch's "Motion for Stay of Execution and Relief From Judgment" by a review of its contents.

The motion filed by Merrill Lynch alleges the chronology of the proceedings by which Lee Sapp obtained a judgment against Merrill Lynch; the judgment was obtained by default; the facts of its conduct both before and after entry of the judgment, which it claimed entitled it to relief from the judgment, and a prayer for relief from that judgment; and other and further relief as the court deemed fair and equitable. It also alleged some facts which were irrelevant, and it asks for some relief unknown at Nebraska law, such as relief under "Neb. Rule Civ. Proc. 60(b)." The record of the hearing on the motion reflected that Merrill Lynch argued for the judgment to be set aside. The attorney for Merrill Lynch argued cases that allow a default judgment to be set aside in the term where the defaulted party has made a showing of a meritorious defense. The trial court also recognized this motion as a motion to set aside the judgment. Specifically, the trial court stated:

> [F]irst of all, we have a procedural difficulty here in that there is no express request to vacate and set aside the judgment entered against Merrill Lynch which in state court practice would be the customary kind of a request to make. But I don't think that that is necessarily fatal to these proceedings.

Clearly, at the hearing on Merrill Lynch's motion, both parties and the court knew they were litigating whether the default judgment should be set aside.

Neb. Rev. Stat. § 25-853 (Reissue 1995) states: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Here, the trial court disregarded the defect in the pleadings filed by Merrill Lynch and went on to decide the issue on what it regarded as the merits.

We find nothing indicating that irrelevant allegations or a request for additional inappropriate relief prevents a pleading

from being appropriate to raise issues otherwise pled. We conclude that the motion contained the allegations necessary to raise the question of Merrill Lynch's right to a motion to vacate the judgment and that it contained a prayer for relief from the judgment. The motion gave Lee Sapp and the court reasonable notice of the relief it sought and the facts upon which it claimed that relief. As such, we conclude the character of this pleading when judged by its contents served as a motion to vacate the judgment, which judgment was entered by default. We shall therefore call it a motion to vacate, notwithstanding the name put on its caption. We conclude that the district court had jurisdiction of this issue and that this court has jurisdiction.

*Trial Court's Power to Set Aside Judgment.*
A district court has the inherent authority to vacate or modify its decisions within the same term that the initial decision was rendered. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The decision to vacate an order is within the discretion of the court. *Id.* The district court for Douglas County has a term coextensive with the calendar year. See Rules of Dist. Ct. of 4th Jud. Dist. 4-1C (1995). Merrill Lynch clearly sought to have the judgment set aside in the same term it was entered.

The parties disagree on the standard that controls the district court's discretion to set aside a judgment in term.

Lee Sapp relies upon such cases as *Fredericks v. Western Livestock Auction Co.*, 225 Neb. 211, 403 N.W.2d 377 (1987), and *Commercial Sav. & Loan Assn. v. Holly Development, Inc.*, 182 Neb. 335, 154 N.W.2d 510 (1967). *Fredericks* states:

"A default judgment will not ordinarily be set aside on the application of a party who, by his own fault, negligence, or want of diligence, has failed to protect his own interests. Such a party will not be permitted to ignore the process of the court and thereby impede the termination of litigation."
225 Neb. at 217, 403 N.W.2d at 382, quoting *Commercial Sav. & Loan Assn. v. Holly Development, Inc., supra*. The *Fredericks* case was a replevin case, where the party who later sought relief from the default judgment had made appearances during the course of the litigation, both personally and by counsel. In the course of the litigation, he was twice ordered to answer, but failed

to do so, and the court heard evidence before entering the default judgment. The default judgment debtor did not claim a meritorious defense, but clearly wanted to litigate the case when he had an opportunity to do so before the default judgment was entered.

The *Commercial Sav. & Loan Assn.* case was a mortgage foreclosure case, where the issues were litigated over a period of time. The person who sought to have the default judgment against her vacated knew about the litigation, and her argument to vacate judgment was based on neglect over a long period of time by a relative in whom she mistakenly placed faith. She did not claim that the plaintiff was not entitled to foreclose the mortgage, but, rather, that her interests were not protected. The court disagreed.

■ Merrill Lynch argues that " '[i]t is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions.' " Brief for appellant at 10, quoting *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970).

■ The Nebraska Supreme Court has stated:

> Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits.

*Steinberg v. Stahlnecker*, 200 Neb. 466, 467, 263 N.W.2d 861, 862 (1978), citing *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977).

In the *Steinberg* case, default judgment had been entered against an unrepresented defendant, who failed to appear on the date set for trial. Later, he appeared with counsel and moved to vacate the default judgment. The trial judge refused to vacate the judgment, which was affirmed on appeal for the stated reason that the defendant failed to disclose a meritorious defense. The affidavit of the defendant's attorney stated only that the defendant possessed a good and sufficient defense, and the Nebraska Supreme Court held it to be nothing more than a cursory statement of counsel.

■ In *Beliveau v. Goodrich, supra*, there was conversation between counsel before the judgment was entered, but a dispute

arose about the effect of that conversation. The conversation was held to be not controlling. The *Beliveau* court looked at the competing considerations and said:

> It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. Consequently this court has long held that a district court has inherent power to vacate or modify its own judgment any time during the term in which it is rendered. *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 120 N.W.2d 557 [(1963)]; *Barney v. Platte Valley Public Power [and Irrigation District]*, 147 Neb. 375, 23 N.W.2d 335 [(1946)]; and most recently in *Urwin v. Dickerson*, [185 Neb.] 86, 173 N.W.2d 874 [(1970)].

185 Neb. at 100, 173 N.W.2d at 879.

██ The cases cited in the above quote involve failure to appear on the date appointed with an appearance shortly thereafter. In *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 120 N.W.2d 557 (1963), a default judgment was entered when no answer was filed, and a motion to vacate was filed 2 days after the judgment was entered. In *Barney v. Platte Valley Public Power and Irrigation District*, 147 Neb. 375, 23 N.W.2d 335 (1946), answer day was June 18, and no answer was filed. On June 29, after evidence was offered, default judgment was taken for money and equitable relief. On July 13, the defendant filed a motion to vacate the judgment, and then shortly thereafter, affidavits showing a meritorious defense were produced. In *Barney*, the president of the defendant's board of directors was served, but he thought the general manager was advised of the suit so he did nothing. The defendant's regular counsel did not learn of the suit until after judgment was taken. The trial court overruled the motion to vacate, which was reversed by the Nebraska Supreme Court. In so doing, the *Barney* court stated: " 'It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court, and courts will never deny such right except for the

fault or gross laches of such party or his authorized attorney.'" 147 Neb. at 380, 23 N.W.2d at 338, quoting *Clutz v. Carter*, 12 Neb. 113, 10 N.W. 541 (1881). The court concluded that the action of the president of the board of directors and the superintendent of power and irrigation in failing to advise those who handle such matters was not so inexcusable that it should affect the defendant's right to trial. The case seems to hold that neglect is excusable unless it is "gross laches."

In the case at hand, Setten, the person working for Merrill Lynch who received the summons in garnishment, was employed in the Merrill Lynch litigation department, but he did not inform his superiors or counsel of the proceedings against Merrill Lynch until August 10, 2000. The motion to vacate was filed on August 11. However, before that date, Setten had informed Lee Sapp's counsel and filed with the court Merrill Lynch's claim that it owed the judgment debtor nothing. The trial docket note the court entered on June 30 was not a judgment. See Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000). Therefore, a few days before the default judgment was actually rendered or entered, an answer and answers to the interrogatory of garnishment showing a meritorious defense were filed with the court, and Lee Sapp's counsel knew of the same and apparently did not inform the court.

A review of the document served on Merrill Lynch gives us further consideration. As a result of a combination of this state's garnishment statutes and the forms used by the court in this case, the notice given to Merrill Lynch before judgment was entered was very poor. Neb. Rev. Stat. § 25-1028 (Reissue 1995) provides that "[i]f the garnishee fails to answer, as required by section 25-1026, he shall be presumed to be indebted to the defendant in the full amount of the claim of plaintiff." Pursuant to that statute, the garnishment form served on Merrill Lynch states: "If you do not answer the attached interrogatories, you will be presumed to owe the judgment debtor the full amount of the claim of the judgment creditor, and upon further notice to you for such amount as the court may find due." Section 25-1028 further provides, "Upon notice to the garnishee given within such time and in such manner as the court shall direct, judgment may be entered for such amount as the court may find due from the garnishee." The order the court entered, which was intended to give Merrill

Lynch notice of the application for default judgment (and insofar as we know, the only notice given to Merrill Lynch), was captioned with the names of Lee Sapp, Ciao Caffe & Espresso, Inc., and Marco Baldieri, but not Merrill Lynch's name, and it stated:

> This matter came on to be heard on the application of the Plaintiff herein for an order requiring the Garnishee Merrill Lynch & Co. to appear and make disclosure concerning the garnishment and order issued hereon and served on said Garnishee and the Court being fully advised in the premise.
>
> IT IS THEREFORE ORDERED that Garnishee Merrill Lynch & Co. appear before this Court on Friday, June 30 at 8:30 a.m. for the purpose of making such disclosures and answers as are pertinent to the said garnishment and to show cause why judgment should not be entered against the Garnishee and for such further relief as the Court deems equitable.

This notice does not advise Merrill Lynch that if it fails to appear, default judgment will be taken against it.

*Establishing Meritorious Defense.*

█ Lee Sapp argues that Merrill Lynch lacks a meritorious defense because it could not offer proof of the assets (or lack thereof) of the judgment debtor on the date of service. Neb. Rev. Stat. § 25-1030.02 (Reissue 1995) provides that the garnishee shall be liable to the plaintiff who has recovered a judgment against the defendant if the garnishee was "(1) indebted to the defendant, or (2) had any property or credits of the defendant, in his possession or under his control at the time of being served with the notice of garnishment." See *Gerdes v. Klindt*, 253 Neb. 260, 570 N.W.2d 336 (1997). A garnishee is not liable to the plaintiff unless the judgment debtor had a right of action against the garnishee for a legal demand due or to become due. See *Chicago, B. & Q.R. Co. v. Van Cleave*, 52 Neb. 67, 71 N.W. 971 (1897).

█ Lee Sapp correctly cites to *Davis Erection Co. v. Jorgensen*, 248 Neb. 297, 534 N.W.2d 746 (1995) (in determining liability of garnishee to garnishor, test is whether, as of time summons and garnishment were served, facts would support recovery

by garnishor's judgment debtor against garnishee). The affidavit of Setten states: "Merrill Lynch does not and has not, at anytime relevant to this proceeding, held any assets of the [judgment debtor]." In answer to the interrogatory: "Do you have any property belonging to the judgment debtor, or credits or monies owed to the judgment debtor, whether due or not, other than earnings [wages] described above?" Merrill Lynch answered no. A negative answer to this question would necessarily mean that Merrill Lynch had no property of the judgment debtor and did not owe the judgment debtor anything on the day that the interrogatories were served on Merrill Lynch.

A meritorious defense is " 'one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.' " *Steinberg v. Stahlnecker*, 200 Neb. 466, 468, 263 N.W.2d 861, 863 (1978), quoting *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977). In a garnishment proceeding, the answers to interrogatories and the application to determine garnishee liability are the only pleadings for disposition of the liability issue. *Gerdes v. Klindt, supra*. It is clear that a garnishee has a meritorious defense when it does not owe the judgment debtor anything and is not holding property of the judgment debtor. We therefore conclude that Merrill Lynch offered a meritorious defense which both parties are entitled to litigate.

## *Did Trial Court Abuse Its Discretion?*

The record of this case contains an affidavit of a reputable attorney who had reason to believe and did believe that Merrill Lynch had property of and was indebted to the judgment debtor. The record contains an answer, answers to interrogatories, and an affidavit from an employee of a reputable corporation that it did not have such property or indebtedness, and this oath is supported by photographic copies of records of that corporation showing the judgment debtor was indebted to the corporation. To allow a final judgment for more than $85,000 upon the basis of this record would clearly be a great injustice. The question is whether such an injustice should be perpetrated in the interest of judicial efficiency. We believe the cases we have cited, discussed,

and quoted from above clearly hold such an injustice is not necessary in the interest of judicial efficiency. There is no other basis to support such a judgment. In announcing his decision, the trial judge stated that the failure to answer the garnishment interrogatories resulted in a judgment that was immutable. The definition of immutable is "not mutable; unchangeable; unalterable; changeless." Webster's Encyclopedic Unabridged Dictionary of the English Language 713 (1989). The trial judge was mistaken, as the court clearly had the power to change the judgment in term. We conclude that to not set aside such a judgment is an abuse of discretion. We are of course merely returning the cause so the question of whether Merrill Lynch had property of or owes the judgment debtor anything may be litigated.

## CONCLUSION

Merrill Lynch argues that the trial court erred in not admitting the affidavit of Spector. The court refused to receive it. Apparently, this affidavit attempts to add the additional defense that the wrong corporation was served. Since we are holding that Merrill Lynch has the right to have the judgment set aside and to litigate the matter, we need not consider that argument. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *State v. Hochstein and Anderson*, 262 Neb. 311, 632 N.W.2d 273 (2001); *State v. Kula*, 260 Neb. 183, 616 N.W.2d 313 (2000).

We reverse, and remand with directions to vacate the default judgment and for such further proceedings as are necessary to determine the issues.

REVERSED AND REMANDED WITH DIRECTIONS.