IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


ANDERSEN V. REED


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


RICHARD B. ANDERSEN, AN INDIVIDUAL, AND GOLDSTAR GLOBAL, INC.,
A NEBRASKA CORPORATION, APPELLANTS,

V.

MICHAEL REED, AN INDIVIDUAL, ET AL., APPELLEES.


Filed May 12, 2020.    No. A-19-966.


Appeal from the District Court for Douglas County, DUANE C. DOUGHERTY, Judge, on appeal thereto from the County Court for Douglas County, MARCENA M. HENDRIX, Judge. Judgment of District Court affirmed.

Ashley L. Albertsen and Jacob A. Acers, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellants.

William J. Lindsay, Jr., and Eric J. Sutton, of Gross & Welch, P.C., L.L.O., for appellees.


BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Richard B. Andersen and Goldstar Global, Inc. (Appellants), appeal from an order of the Douglas County District Court reversing the order of the Douglas County Court which overruled a motion to set aside a default judgment formerly entered by the county court. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

On October 5, 2018, Appellants filed a complaint against Michael Reed, Luther Bass, and Fast Guys Delivery, Inc. (Appellees), alleging that Appellants advanced funds to the Appellees

which Appellees allegedly failed to repay. Although the Appellants allege that $34,500 in cash or extended credit advanced were "loans" to the Appellees, the Appellants never alleged whether the "loans" were written or oral agreements, nor did Appellants allege any terms or conditions associated with the alleged "loans." Instead, Appellants attached copies of checks issued to the Appellees in connection with these advances and attached correspondence between Appellants' counsel and Appellees' counsel governing settlement discussions between the parties exchanged prior to the filing of the lawsuit. The complaint then alleges Appellants were entitled to judgment on the "loans" under theories of unjust enrichment and conversion.

After numerous letters or emails back and forth between counsel, Appellants' counsel stated in an October 1, 2018, correspondence that Appellants were now considering filing a lawsuit, and would do so "tomorrow" if counsel did not hear back regarding a current settlement proposal, and further requested whether counsel would accept "voluntary service" on behalf of counsel's clients if they were "unable to resolve this matter." Appellees' counsel responded with a new settlement offer and negotiations resumed. On October 4, Appellants' counsel made an offer in which counsel stated "This is the final offer, and I have been instructed to file in the morning if this is not accepted." Appellants' counsel filed a complaint on October 5 with no indication from the attached correspondence whether Appellants' counsel notified Appellees' counsel that it actually filed suit against the Appellees. Instead, Appellants' counsel served the Appellees by Douglas County Constable who certified he obtained personal service on the Appellees on October 10 and 11.

When Appellees failed to file a responsive pleading within 30 days of the service date, Appellants filed a motion for default judgment on November 13, 2018. Attached to the motion was an affidavit executed by the Appellants' counsel stating that counsel obtained service on the complaint on October 10 and 11; that no response had been timely filed; that "Exhibits A, B, C, and D attached to the complaint are true and complete payments made to or for the benefit of [Appellees] by [Appellants];" and requesting judgments against the Appellees for principal, interest, and attorney fees in specified amounts. One day later, on November 14, without a hearing thereon, the county court entered a default judgment order for principal, interest, and attorney fees in the amounts requested by the Appellants' counsel in its motion and affidavit.

On December 13, 2018, Appellees' counsel filed a motion to set aside default judgment and motion for leave to file an answer for each of the three Appellees. In connection therewith, Appellees asserted a defense that the amounts advanced by Appellants to Appellees were not loans but were investments in Appellee Fast Guys Delivery, Inc. (Fast Guys), for an interest in stock and not loans for which Appellants were entitled to repayment. The Appellees appended to their motion proposed answers, requested leave to file same, and prayed for an order setting aside the default judgment.

A hearing was held on the motion to set aside the default judgment in January 2019. At this hearing, the county court received into evidence an affidavit from Appellee Reed attesting that the money advanced by Appellants was in exchange for an investment interest in Fast Guys and not a loan and that there was no loan arrangement contemplated by the parties thereby refuting Appellants' claims contained in the complaint. Following argument, the county court entered an order in February 2019 denying Appellees' motion to set aside the default judgment without

providing any basis for the court's ruling. The Appellees timely appealed the county court's denial of the motion to set aside the default judgement to the district court.

Following arguments to the district court, the district court reversed the county court's order denying the motion to set aside the default judgment and directed the county court to set aside the default judgment. The district court reasoned:

> This court has taken time to review appropriate transcripts and bill of exceptions in this matter and the law within the State of Nebraska for these types of actions. Upon conclusion of these efforts, this Court finds that the Douglas County Trial Court abused [its] discretion in denying the [Appellees]' motion to set aside [the default judgment]. The Court finds that the [Appellees'] Motion was filed within 30 days from the date that the original default judgment was entered. That attached to said motion were answers filed on behalf of the [Appellees] that set forth viable defenses to the causes of actions of the [Appellants]. It appears that no evidence was offered by the [Appellants] at the original hearing. The Court finds that denial of the Douglas County Court to set aside the default judgment as set forth within the Order of February 1, 2019[,] was an abuse of discretion.

Appellants now timely appeal the order of the district court to this court for further review.

## ASSIGNMENT OF ERROR

On appeal, restated, Appellants assign that the district court erred in finding that the county court abused its discretion in failing to set aside the default judgment.

## STANDARD OF REVIEW

In this case, the Appellees did not file a statement of errors as required by Neb. Ct. R. § 6-1518. See, also, Neb. Ct. R. § 6-1452(A)(7) (rev. 2011). Ordinarily, in cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviewed for plain error only. *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018). However, "in cases where no statement of errors was filed, but the record showed that the district court considered an issue that was also assigned to a higher appellate court, the Supreme Court or the Court of Appeals may consider that issue." *Id*. at 16, 907 N.W.2d at 27. Here, since the order of the district court clearly set out the issues considered, we address the issues considered by the district court.

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *General Serv. Bureau v. Moller*, 12 Neb. App. 288, 672 N.W.2d 41 (2003); *Lee Sapp Leasing v. Ciao Caffe & Espresso, Inc.*, 10 Neb. App. 948, 640 N.W.2d 677 (2002).

## ANALYSIS

This complaint and the original default judgment order originated in county court. As it relates to that original default judgment, the county court's refusal to set aside the default judgment, and the district court's order reversing the county court, Appellants contend that the district court erred in finding that the county court abused its discretion in overruling Appellees' motion to set aside the default judgment order.

The basis for entering a default judgment order in county court is set forth in Neb. Ct. R. § 6-1432, which provides:

> In cases where the defendant fails to answer, demur, or otherwise plead, the plaintiff may, after the day on which said action shall be set for answer, take default judgment upon a verified petition, affidavits, or sworn testimony establishing a claim. No judgment will be entered on a negotiable instrument unless the original is surrendered for cancellation to the court.

Once a county court default judgment is entered, the basis for setting it aside is set forth in Neb. Rev. Stat. § 25-2720.01 (Reissue 2016), which provides:

> The county court, including the Small Claims Court and the county court when sitting as a juvenile court, shall have the power to set aside default judgments and to vacate or modify its own judgments or orders during or after the term at which such judgments or orders were made in the same manner as provided for actions filed in the district court.

In the district court, the authority to set aside a default judgment is codified in Neb. Rev. Stat. § 25-2001(1) (Reissue 2016) which provides that "[t]he inherent power of a district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order." Taken together, because the motion to set aside the default judgment was filed within the same term as entry of the default judgment, the county court had the inherent power to set aside the default judgment.

In *Applied Underwriters v. Oceanside Laundry*, 300 Neb. 333, 340, 912 N.W.2d 912, 918 (2018), the Nebraska Supreme Court stated:

> When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency. "Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits." This court has also recognized that while it is the policy of the law to give a litigant an opportunity to present his contention in court and to give relief against slight and technical omissions, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice.

And finally, in reviewing a trial court's decision in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *Lee Sapp Leasing v. Ciao Caffe & Espresso, Inc., supra*. After reviewing the competing interests here, the district court determined the county court abused its discretion in denying the motion to set aside the default judgment. We now independently review those competing interests and likewise conclude the county court abused its discretion in denying that motion.

When considering the competing interests here, we note that, on November 13, 2018, Appellants filed a motion for default judgment one day following the set response date. One day later, on November 14, the county court granted the motion for default judgment entering the default judgment order without a hearing. Within 30 days of that default judgment order, and within the same term in which the default judgment order was entered, the Appellees moved to set aside the order and attached proposed "answers" by each Appellee. At the hearing governing the motion to set aside the default judgment, in addition to requesting leave to file the proposed answers, the Appellees offered evidence that was consistent with the terms of their proposed answers. Those answers claimed that the alleged loans by Appellants were not loans at all but investments in Appellee Fast Guys.

As the Nebraska Supreme Court stated in *Carrel v. Serco Inc.*, 291 Neb. 61, 67, 864 N.W.2d 236, 240 (2015):

> Although a defendant seeking to vacate a default judgment is required to present a meritorious defense, it is not required that the defendant show he will ultimately prevail in the action, but only that the defendant show that he has a defense which is recognized by the law and is not frivolous. We have also said that regarding a refusal to set aside a default judgment, an abuse of discretion may exist where the defaulted party tenders an answer or other proof disclosing a meritorious defense to the action which is the subject of the default.

Here, in their original complaint, the Appellants never pled whether the alleged "loans" were written or oral agreements, or what, if any, terms were associated with the sums advanced. Instead, Appellants prayed for return of these "loans" under theories of unjust enrichment and conversion. In response, the Appellees alleged the advanced sums were not loans but were investments in Appellee Fast Guys and that Appellants were not entitled to the return of those sums as prayed within the complaint. This response presented a defense which is recognized by law and is not frivolous. As such, Appellees presented a meritorious defense made upon prompt application within the same term that the original default judgment was entered and, accordingly, the county court should have granted the request unless doing so was outweighed by notions of judicial efficiency, such as prevention of abuse of process, prevention of unnecessary delay, and prevention of dilatory and frivolous proceedings in the administration of justice.

When weighing those competing interests here, we focus on Appellants' argument as it relates to matters of judicial efficiency. Here, the Appellants argue that Appellees' failure to disclose the reason they missed the original response deadline should weigh heavily against Appellees in this balancing analysis and should be sufficient to support the county court's decision to deny Appellees' motion to set aside the default judgment. Specifically, Appellants argue that "[w]ithout any evidence, or even argument, to explain the lack of diligence, the County Court, especially considering the evidence in the record demonstrating knowledge by [Appellees], was completely justified to apply its discretion to deny the Motion to Set Aside." Brief for Appellants at 14. Although Appellants are correct that Appellees did not disclose the reason a timely response was not filed, Appellees argue in their brief that Appellants' counsel, who had been dealing and negotiating with Appellees' counsel up through the date before the lawsuit, failed to provide Appellees' counsel with a courtesy copy of the filing or notice that the lawsuit had been filed prior to securing a default judgment. Appellees then focus on the meritorious nature of their defense and

their timely response to the default judgment as providing a sufficient basis for the default judgment to be set aside.

Separate and apart from Appellants' argument above, we note that pursuant to Neb. Ct. R. § 6-1432 stated above, in order for Appellants to obtain a default judgment here, Appellants were required to present "a verified petition, affidavits, or sworn testimony establishing a claim." After reviewing the record, we note that the petition was not verified and the only affidavit submitted by Appellants in connection with Appellants' motion for default judgment was issued by Appellants' counsel, not the Appellants, and although the affidavit attested that "Exhibits A, B, C and D attached to the complaint are true and complete copies of payments made to or for the benefit of the [Appellees] by [Appellants]," the affidavits in no way "establish" the claim as pled as required by § 6-1432. Further, § 6-1432 requires that, when the matter involves a negotiable instrument, that "[n]o judgment will be entered on a negotiable instrument unless the original is surrendered for cancellation to the court." Here, the complaint was silent as to whether the alleged loan was in writing or could be considered a negotiable instrument. If it was a negotiable instrument, the rule required its surrender in connection with obtaining such a judgment.

Based upon these factors, it does not appear from this record that a default judgment should have been entered in connection with Appellants request for same. The fact that a default judgment should not have been entered militates against a finding that judicial efficiency would be served by overruling the motion for default judgment. Under these circumstances, when balanced against what appears to be a meritorious defense tendered with a timely notice to set aside the default judgment filed in the same term the default judgment was entered, and after reviewing the record as to any other factor which might impact the issue of judicial efficiency here, we hold the district court did not err in finding the county court abused its discretion in not setting aside the default judgment entered by the county court on November 14, 2018. Accordingly, we affirm the decision of the district court.

CONCLUSION

Having found that the district court properly determined that the county court abused its discretion in failing to grant the Appellees' motion to set aside the November 14, 2018, default judgment, the decision of the district court is affirmed.

AFFIRMED.